IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 1:25-cv-01674 |
| PUBLIC BROADCASTING SERVICE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, et al., <br><br> Defendants. | Case No. 1:25-cv-01722 |

**MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF OF DIGITAL CONTENT NEXT, THE INTERCEPT MEDIA, INC., PRO PUBLICA, INC., AND THE RADIO TELEVISION DIGITAL NEWS ASSOCIATION IN SUPPORT OF <u>PLAINTIFFS' MOTIONS FOR SUMMARY JUDGMENT</u>**

Pursuant to Local Civil Rule 7(o)(1), proposed amici curiae, Digital Content Next, The Intercept Media, Inc., Pro Publica, Inc., and the Radio Television Digital News Association, respectfully move this Court for leave to file an amicus curiae brief in support of the Motions for Summary Judgment filed by Plaintiffs National Public Radio, Inc. ("NPR"), the Public Broadcasting Service ("PBS"), and certain of their member stations (together, "Plaintiffs"). The proposed amicus brief is attached to this Motion.

Leave to file an amicus brief lies in the "broad discretion" of the Court. *Dist. of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). This discretion should be exercised liberally, especially where matters of public interest are involved. Participation by amici curiae is of particular value where, as here, proposed amici have "relevant expertise and a stated concern for the issues at stake in [the] case." *Id.*

This amicus brief explores and analyzes central legal issues in this case: the ways in which President Trump's May 1, 2025 Executive Order purporting to end Plaintiffs' federal funding (the "Order") violates the First Amendment's prohibition on viewpoint discrimination and the Fifth Amendment's Due Process Clause, and the grave threats the Order poses to a free press. As media entities and associations representing the interests of the news media, amici are uniquely situated to address the Court regarding these issues. By addressing the effects of the Order on the wider press and public, this brief focuses on points not fully represented by the parties. *See* Local Civil Rule 7(o)(2).

This brief and motion for leave to file are timely because they are being submitted in accordance with the Court's approved schedule. *See* Local Civil Rule 7(o)(2)-(3).

Plaintiffs consent to the filing of this brief. Defendants do not oppose. *See* Local Civil Rule 7(o)(2).

## **CONCLUSION**

Movants and prospective amici respectfully request leave to file the attached amicus curiae brief in support of Plaintiffs' Motions for Summary Judgment.

Dated:  June 20, 2025

Respectfully submitted,

BALLARD SPAHR LLP

*/s/ Charles D. Tobin*
Charles D. Tobin (#455593)
Maxwell S. Mishkin (#1031356)
Sasha Dudding (#1735532)
1909 K Street NW, 12th Floor
Washington, DC 20006
Tel: (202) 661-2200
Fax: (202) 661-2299
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
duddings@ballardspahr.com

*Counsel for Amici Curiae*