IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------
NATIONAL PUBLIC RADIO, *et al.*,

        Plaintiffs,

    v.

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*

        Defendants.
---------------------------------------------------------------
PUBLIC BROADCASTING SERVICE, *et al.*,

        Plaintiffs,

    v.

DONALD J. TRUMP, in his official capacity
as President of the United States, *et al.*

        Defendants.
---------------------------------------------------------------

Civil Case #1:25-cv-01674-RDM

Civil Case #1:25-cv-01722-RDM

**MOTION FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF
BY THE CENTER FOR JUDICIAL ACCOUNTABILITY, INC.
IN SUPPORT OF DEFENDANTS' CROSS-MOTIONS FOR SUMMARY JUDGMENT
& IN OPPOSITION TO PLAINTIFFS' SUMMARY JUDGMENT MOTIONS**

-------------------------------------------------------------

Pursuant to Local Civil Rule 7(o)(1), proposed *amicus curiae*, Center for Judicial Accountability, Inc. (CJA), acting on its own behalf & on behalf of taxpayers of the United States & the public interest, respectfully moves this Court for leave to file an *amicus curiae* brief in support of defendants' cross-motions for summary judgment and in opposition to plaintiffs' motions for summary judgment. The proposed *amicus* brief is attached to this motion.

1

RECEIVED
JUL 18 2025
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

The granting of leave to file an *amicus curiae* brief is appropriate where *amici* have "relevant expertise and a stated concern for the issues at stake in [the] case." *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). Such is "normally [] allowed when . . . the *amicus* has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cobell v. Norton*, 246 F. Supp. 2d 59, 62 (D.D.C. 2003) (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)); *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008) (same). This is the case at bar.

The purpose of CJA's *amicus curiae* brief is to prevent "fraud on the court" by the NPR and PBS plaintiffs by furnishing the Court with relevant material facts and law pertaining to their complaints and summary judgment motions and, comparably, pertaining to the five *amicus curiae* briefs filed on their behalf – inexplicably not identified and addressed by the Justice Department's summary judgment cross-motions for defendants. Local Civil Rule 7(o)(2).

This motion is timely filed pursuant to the Court's two June 10, 2025 scheduling orders setting July 18, 2025 as the date by which *amicus curiae* briefs for defendants must be filed (NPR Doc. 20; PBS Doc. 11). Local Civil Rule 7(o)(2)-(3).

The Justice Department has consented to the filing of this *amicus curiae* brief in support of defendants. Counsel for the PBS plaintiffs has also consented. Counsel for the NPR plaintiff takes no position. Likewise, counsel for the NPR three member stations takes no position. In other words, there is no opposition to CJA's filing of its *amicus curiae* brief herein. Local Civil Rule 7(o)(2).

As CJA is not represented by an attorney, this motion and *amicus curiae* brief are being e-mailed to dcd_intake@dcd.uscourts.gov, as is the procedure in such circumstances, identified by Chay of the Civil Intake Department (#202-354-3120) on Monday morning, July 14, 2025.

Dated: July 18, 2025

Respectfully submitted,

*[signature]*

Center for Judicial Accountability, Inc. (CJA)
    by: Elena Ruth Sassower, Director, *Pro Se*

*Acting on its own behalf & on behalf of taxpayers of the United States & the public interest*

Box 8101, White Plains, New York 10603
(914) 421-1200
elena@judgwatch.org

*cc*:    <u>Defendants' Counsel: U.S. Justice Department</u>
        ATT: Assistant U.S. Attorney Carmen M. Banerjee:
            carmen.m.banerjee2@usdoj.gov

       <u>Plaintiffs' Counsel – *NPR, et al. v. President Trump, et al.*</u>
           Miguel A. Estrada, Esq.: MEstrada@gibsondunn.com
           Theodore J. Boutrous, Jr., Esq.: TBoutrous@gibsondunn.com
           Katie Townsend, Esq.: KTownsend@gibsondunn.com
           Elizabeth A. Allen, Esq.: EAAllen@npr.org
           Steven D. Zansberg, Esq.: steve@zblegal.com

       <u>Plaintiffs' Counsel – *PBS, et al. v. President Trump, et al.*</u>
           Z.W. Julius Chen, Esq.: chenj@akingump.com

See next page for additional *cc*'s

Additional Counsel – *CPB v. Trump, et al.*  (1:25 cv-01305-RDM)

Defendants' Counsel:  U.S. Justice Department
ATT: Assistant U.S. Attorney Jeremy Samuel Bloch Newman:
jeremy.s.newman@usdoj.gov
*also* representing USA in *USA v. Ross, et al.*  (1:25 cv-02261-RDM)

Plaintiffs' Counsel:
Jason W. McElroy, Esq.:  jason.mcelroy@saul.com
Peter C. Nanov, Esq.:  peter.nanov@saul.com
Jeffrey S. Robbins, Esq.:  jeffrey.robbins@saul.com
Joseph Lipchitz, Esq:  joseph.lipchitz@saul.com