## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., *et al.* | |
| *Plaintiffs*, | Case No. 25-cv-1674-RDM |
| *v.* | **EXPEDITED HEARING REQUESTED** |
| DONALD J. TRUMP, *et al.*, | |
| *Defendants*. | |

## PLAINTIFF NATIONAL PUBLIC RADIO, INC.'S
## MOTION FOR A TEMPORARY RESTRAINING ORDER

Pursuant to Federal Rule of Civil Procedure 65 and Local Civil Rule 65, Plaintiff National Public Radio, Inc. (NPR), by and through its undersigned counsel, respectfully moves the Court for a temporary order restraining the Corporation for Public Broadcasting (CPB or the Corporation) from taking further steps to implement Executive Order 14290, entitled "Ending Taxpayer Subsidization of Biased Media" (the Order), 90 Fed. Reg. 19415, including by distributing funds appropriated by Congress for satellite interconnection purposes to any entity or entities other than NPR.

As detailed in NPR's accompanying Memorandum of Law, CPB is implementing the Order by refusing to distribute satellite interconnection funding to NPR, the designated manager and operator of the Public Radio Satellite System (PRSS), as CPB is required to do under the Public Broadcasting Act (the Act). On September 23, 2025, NPR was informed by CPB that its Board of Directors had voted to award a five-year grant to a "public media infrastructure" coalition consisting of other entities (the PMI Coalition), and that said grant would include funding in CPB's

control that had been appropriated by Congress for public radio satellite interconnection purposes. Under the Act, that funding is mandated to be provided to the "national entity" "designate[d]" by the "entities participating in the public radio satellite interconnection system," 47 U.S.C. § 396, which is NPR.  Earlier today, CPB publicly announced its grant to the PMI Coalition.

NPR's current grant agreement with CPB for PRSS funding ends in four days—on September 30, 2025—and the unlawful distribution of PRSS funds by CPB to the PMI Coalition appears imminent.  A temporary restraining order is necessary to prevent the immediate and irreparable harm NPR will suffer if CPB distributes those funds to an entity or entities other than NPR.  Indeed, given CPB's representations that it is winding down its operations, once those funds are distributed, it is unlikely they can be clawed back.  NPR merely seeks to preserve the status quo while the Court considers the merits of its claims against Defendants.

The grounds for this Motion are set forth in the supporting Memorandum of Law, the Second Declaration of Badri Munipalla, and the Declaration of Ryan Merkley, filed concurrently. A Proposed Order and Certificate of Counsel Pursuant to Local Civil Rule 65.1 are filed concurrently.

September 26, 2025

Respectfully submitted,

*/s/ Miguel A. Estrada*

Miguel A. Estrada (D.D.C. Bar No. 456289)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
(202) 955-8500
MEstrada@gibsondunn.com

Theodore J. Boutrous, Jr. (D.D.C. Bar No. 420440)
Katie Townsend (D.D.C. Bar No. 1026115)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
T Boutrous@gibsondunn.com
KTownsend@gibsondunn.com

Elizabeth A. Allen (*Admitted Pro Hac Vice*)
NATIONAL PUBLIC RADIO, INC.
1111 North Capitol Street, NE
Washington, D.C. 20002
(202) 513-2000
EAAllen@npr.org

*Counsel for Plaintiff*
*National Public Radio, Inc.*