IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Civil Case No. 25-cv-1674-RDM <br><br> DECLARATION OF <br> RYAN MERKLEY |

### DECLARATION OF RYAN MERKLEY

I, Ryan Merkley, hereby declare as follows:

1.  I am the Chief Operating Officer at National Public Radio, Inc. (NPR), a position I have held since January 13, 2025.

2.  I am over the age of 18, am competent, and make this declaration based upon my own personal knowledge. I make this declaration in support of Plaintiff NPR's Motion for a Temporary Restraining Order in the above-captioned case. If called to do so, I could and would competently testify to these matters under oath.

3.  Prior to joining NPR as Chief Operating Officer, I served as an executive in a number of non-profit entities, including as Chief Executive Officer of Conscience, a non-profit in the biotechnology and AI sector, as Chief of Staff at the Wikimedia Foundation, as Chief Executive Officer of Creative Commons, and as Chief Operating Officer at Mozilla. I have also served as a Managing Director at the Aspen Institute and am the founding chair of the Flickr Foundation.

4.  For decades, the Corporation for Public Broadcasting (CPB) has recognized NPR as the designated entity responsible for managing and operating the Public Radio Satellite System

1

(PRSS) and has provided funding to NPR specifically for that purpose.  *See* Munipalla Decl., Dkt. 21-4 ¶¶ 9–10, 12; 2nd Munipalla Decl. at 2, ¶6.

5. The current grant agreement between CPB and NPR is set to expire on September 30, 2025.

6. On March 21, 2025, at CPB's request, NPR submitted a proposal to CPB for a three-year extension of its current PRSS grant agreement in the amount of $26,236,211.

7. I understand that on April 2, 2025, Kathy Merritt, who was then serving as CPB's Chief for Station and System Strategies, informed my colleague, Badri Munipalla, that CPB's Board of Directors had approved NPR's proposal.  *See* 2nd Munipalla Decl. at 3, ¶10.

8. However, on April 14, Ms. Merritt, who by that point had been promoted to serve as CPB's Chief Operating Officer, called me and informed me that CPB's Board had changed course.  Specifically, she stated that CPB would not provide any funding for the operation and management of the PRSS unless the PRSS became a separate entity with no ties to NPR.

9. I was shocked.  Up until that point, NPR had understood that CPB would be distributing upward of $35 million in PRSS funding to NPR, as the designated manager and operator of the system, imminently.  Indeed, in the days that followed Ms. Merrit's April 2 telephone call with Mr. Munipalla, NPR's finance, operational, and legal staff had been working with CPB's staff toward finalizing the relevant grant agreement and to prepare for a transfer of funds from CPB.

10. During our call on April 14, Ms. Merritt did not describe any complaints about the quality of NPR's management or operation of the PRSS.  Apart from vague statements about a perceived need to enhance digital innovation, Ms. Merritt did not provide any explanation for the

abrupt shift in CPB's position. When I pressed for further explanation, she stated that the decision had been made at the direction of CPB's Board.

11. On April 18, 2025, I attended a meeting of the standing committee of NPR's Board—the Distribution/Interconnection (D/I) Committee—charged with overseeing the operation and management of the PRSS. The D/I Committee's membership includes NPR Board members as well as non-Board members who represent other stakeholders in the PRSS. Members of CPB's leadership also attended the meeting.

12. During the meeting, CPB reiterated its desire that an entity separate from NPR manage and operate the PRSS moving forward. Representatives of the Interconnected Stations, however, made clear that they had no complaints with NPR's management and operation of the system and no desire for NPR to cease serving in that role.

13. Following that meeting, on April 21, 2025, Evan Slavitt, the General Counsel for CPB, transmitted a letter to NPR's General Counsel requesting that NPR submit a "plan to make PRSS an entity that is separate from NPR." A true and correct copy of that letter is attached as Exhibit A. Because the Interconnected Stations have continuously designated NPR to manage and operate the PRSS and have never rescinded that designation, NPR declined to submit such a plan.

14. On July 14, 2025, CPB published a Request for Proposals (RFP) seeking "an independent entity [] to manage and govern Radio Broadcast and Digital Content Distribution services [] for the public radio system." 2nd Munipalla Decl., Ex. D at 1.

15. Seeking to preserve its rights and engage with CPB in good faith, NPR submitted a detailed proposal in response to the RFP in advance of the August 15, 2025 deadline.

16. On September 23, 2025, Ms. Merritt called me to inform me that CPB's Board of Directors had approved a decision to award the RFP to a "public media infrastructure" coalition

(the "PMI Coalition") made up of other public media organizations, service providers, and associations.

17. Ms. Merritt did not provide a reason for that decision, other than that the PMI Coalition "had a better response to what we were asking for in the RFP." She did not identify any deficiencies in NPR's proposal or in its performance as manager and operator of the PRSS.

18. Ms. Merritt did not specify how much funding CPB plans to award the PMI Coalition. However, she indicated that the amount is "substantial" and will cover a five-year grant.

19. Ms. Merritt told me that CPB still needed to negotiate a contractual agreement with the PMI Coalition and that she expected that process to take "a couple of weeks."

20. Ms. Merritt further indicated that CPB was not willing to provide any transition funding for NPR to continue managing and operating the PRSS while this process is underway. Ms. Merritt made clear in our call that CPB would not provide funds directly to NPR.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: London, United Kingdom
September 26, 2025

_____
Ryan Merkley