# EXHIBIT A

Call Letters: _____                                   City, State: _____

## PUBLIC RADIO SATELLITE INTERCONNECTION AGREEMENT

THIS PUBLIC RADIO SATELLITE INTERCONNECTION AGREEMENT (this "Agreement") is made as of _____, 2025 (the "Effective Date"), by and between National Public Radio, Inc., a District of Columbia nonprofit corporation ("NPR"), and _____, a _____, that is a public telecommunications entity and the licensee of FCC facility ID _____, currently using the call letters _____ ("Station").

WHEREAS, NPR is the entity designated by public telecommunications entities participating in the national public radio interconnection system to manage and operate the system; and

WHEREAS, NPR and Station desire that Station be interconnected with the system, and desire to specify certain terms and conditions of Station's interconnection with the system;

NOW THEREFORE, the parties hereby agree to the following:

1. Term of Agreement.  The initial term of this Agreement begins on the Effective Date and will continue through September 30, 2025 (the "Initial Term").  Thereafter, this Agreement will be automatically renewed for one-year periods (through September 30 of each succeeding year, each of which is a "Renewal Term" and together with the Initial Term will be referred to as the "Term").

2. Interconnection Rights and Privileges.  By executing this Agreement, Station approves the designation of NPR as manager and operator of the system for the interconnection of public telecommunications entities known as the Public Radio Satellite System (together with any successor system, the "PRSS"). During the Term and subject to payment by Station of the annual distribution/interconnection fee established by the NPR Board of Directors (the "D/I Fee") in the manner specified in Section 6 of this Agreement, NPR, as manager and operator of the PRSS, will:

    (a) permit Station to use Station-owned satellite earth terminal facilities to receive satellite transmissions distributed via the public radio satellite transponders of programming for which Station has obtained usage rights, and to receive system messages and other transmissions related to the operation of the PRSS;

    (b) permit station to obtain the services of the public radio satellite equipment maintenance and repair depot (the "Satellite Depot") in accordance with its policies and procedures, including technical consultation and troubleshooting regarding earth terminal problems, and replacement and repair of defective earth terminal equipment modules;

    (c) provide to Station frequency protection service for Station's licensed earth terminal, sun-transit outage prediction service, and management and coordination of system-wide satellite facilities projects;

(d) manage and operate the PRSS Network Operations Center and the public radio satellite transponders for the benefit of Station and other interconnected stations; and

(e) manage the business and finances of the PRSS, market distribution services to public radio program producers and public telecommunications entities, and market excess satellite transponder capacity to other users.

3. <u>Financial Responsibility of Participating Stations</u>.  The stations participating in the PRSS assume full financial responsibility for the operation of the PRSS.  As an interconnected station subject to the terms of this Agreement, Station will share in the cost of maintaining, managing and operating the PRSS by paying the D/I Fee as determined by the NPR Board of Directors (the "<u>Board</u>").  Toward this end, Station will pay to NPR the D/I Fee and will be fully responsible for all fees and costs associated with the public radio interconnection services that it receives, such that Station pays its share of the total cost of operating the PRSS in order to provide NPR with funds required to manage and operate the PRSS for the benefit of stations and other public telecommunications entities.

4. <u>Station Privileges</u>.  Provided that Station pays all fees and costs associated with the public radio interconnection services that it receives, Station will (i) be entitled to participate in the process for governing the PRSS, including voting on significant issues affecting operation of the PRSS; and (ii) be a beneficiary of The Public Radio Satellite Interconnection System Charitable Trust.

5. <u>Representations and Warranties</u>.  Station hereby represents and warrants to NPR that:

    (a) it operates a satellite earth terminal that is capable of receiving signals from the public radio satellite transponders;

    (b) it has all rights, licenses and authorizations necessary to operate an earth terminal and interconnect with the PRSS;

    (c) any financial statements that it provides to NPR will accurately indicate its total station revenue, and fairly and accurately represent the overall financial condition of the Station; and

    (d) it is in compliance, and will maintain compliance, with all telecommunications laws and regulations for which failure to comply by Station therewith would have a material adverse effect on the operations of Station or its performance of this Agreement.

6. <u>Payment</u>.  The D/I Fee and any other payments by Station made pursuant to this Agreement will be paid within 60 days of the date of invoice.  Late payments will be assessed a penalty of 1.5% per month, cumulatively.  This penalty does not waive any remedies NPR may have under other provisions of this Agreement or applicable law.  Payment will be made by check payable to "National Public Radio, Inc." and sent to:

    National Public Radio, Inc.
    P.O. Box 79540
    Baltimore, Maryland 21279-0540

7. <u>Limitation of Liability</u>. IN NO EVENT WILL NPR BE LIABLE FOR ANY DAMAGES, WHETHER INDIRECT, SPECIAL, CONSEQUENTIAL OR OTHERWISE, ARISING FROM STATION'S INTERCONNECTION OR USE OF ANY SERVICES PERFORMED BY NPR IN THE PERFORMANCE OF THIS AGREEMENT, OR STATION'S INABILITY TO USE SUCH SERVICES, REGARDLESS OF THE NATURE OF THE CLAIM OR FORM OF ACTION, AND WHETHER OR NOT NPR HAD ANY ACTUAL OR CONSTRUCTIVE KNOWLEDGE THAT SUCH DAMAGES MIGHT BE INCURRED.

8. <u>Termination</u>.

    (a) NPR may terminate this Agreement immediately upon written notice to Station in the event that (i) Station fails to pay an invoice for the D/I Fee within 90 days of the date of such invoice or (ii) NPR no longer manages the PRSS. When Station receives notice of termination, it will immediately proceed to stop using the PRSS no later than the date specified in the notice.

    (b) Station may terminate this Agreement at any time by providing written notice of termination to NPR no less than 30 days prior to the desired termination date.

9. <u>Limited Scope of Agreement</u>. This Agreement is separate and distinct from any other agreement that Station or its licensee may have with NPR or any other public telecommunications entity. Nothing in this Agreement entitles Station to become a member station of NPR or receive NPR programming.

10. <u>Notices</u>. Except as otherwise provided in this Agreement, any notice, approval, consent, waiver or other communication required or permitted under this Agreement will be (i) in writing, (ii) delivered by hand, recognized overnight delivery service or confirmed receipt email, (iii) deemed communicated on the date of personal delivery, the date in the records of the delivery service or the date on the email, and (iv) addressed to:

    | if to NPR: | if to Station: |
    |---|---|
    | National Public Radio, Inc. | |
    | Attn: Vice President – Distribution | |
    | 1111 North Capitol Street, NE | |
    | Washington, DC 20002 | |
    | tel: 202-513-2605 | tel: _____ |
    | email: prssbusiness@npr.org | email: _____ |

11. <u>Governing Law; Venue</u>. This Agreement and its interpretation, construction and effect shall be governed by the laws of the District of Columbia without regard to its choice of law and forum or venue rules, unless such choice of law is prohibited by the laws of the jurisdiction in which Station is located, in which case the parties intend for this Agreement to remain silent with respect to the choice of applicable law. Any action arising from this Agreement will be brought in the federal or local courts

located in the District of Columbia unless such choice of forum or venue is prohibited by the laws of the jurisdiction in which Station is located.

12. <u>Assignment</u>.  Station may not assign any of its rights or obligations under this Agreement without the prior written consent of NPR.  Any purported transfer or assignment made contrary to the terms of this Section 12 shall be invalid.

13. <u>No Waiver</u>.  No provision of this Agreement may be waived except in writing by the party who benefits from the provision; moreover, the parties hereto understand and agree that the waiver by any party of a breach of any provision of this Agreement will not operate or be construed as a waiver of any subsequent breach of that provision by the same party, or of any other provision or condition of this Agreement.

14. <u>Severability</u>.  If any covenant, term, provision, agreement, or obligation contained in this Agreement, or the application thereof to any person or circumstances, will be determined to be invalid or unenforceable by an official body, the remainder of this Agreement shall remain in force and effect.

15. <u>Force Majeure</u>.  Neither NPR nor Station will be required to perform any agreement or obligation in this Agreement so long as such performance is delayed or prevented by a transponder or other satellite failure, sun-transit outage, strikes, lockouts, terrorist activities, material or labor restrictions by any governmental authority, civil riots, an act of God and any other cause not reasonably within the control of NPR or Station or which either is unable, wholly or in part, to prevent or overcome.

16. <u>Survival</u>.  Any provisions which by their terms survive the expiration or earlier termination of this Agreement shall bind the parties, and their legal representatives, heirs, and assigns as set forth in this Agreement.

17. <u>Entire Agreement; Amendment</u>.  This Agreement contains the entire and exclusive understanding of the parties with respect to its subject matter and supersedes and replaces any documents, correspondence, conversations, or written or oral understanding related to this Agreement (including Station purchase orders) previously or hereafter delivered that are not consistent with or not contained in this Agreement.  This Agreement may be changed only in a writing signed by both parties.

IN WITNESS WHEREOF, the parties hereby execute this Public Radio Satellite Interconnection Agreement as of the Effective Date.

NATIONAL PUBLIC RADIO, INC.                                    _____

By: _____        By: _____

Name: _____      Name: _____

Title: _____      Title: _____

Date: _____      Date: _____