IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., *et al.* <br><br> *Plaintiffs,* <br><br> v. <br><br> DONALD J. TRUMP, *et al.* <br><br> *Defendants.* | Case No. 25-cv-1674 (RDM) |

**PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Civil Rule 7(i), Plaintiff National Public Radio, Inc. (NPR) and Plaintiffs Roaring Fork Public Radio, Inc. d/b/a Aspen Public Radio (Aspen Public Radio), Colorado Public Radio (CPR), and KUTE Inc. d/b/a KSUT Public Radio (KSUT) (together, the Local Member Stations) respectfully move to file the attached Amended Complaint.  Plaintiffs further respectfully request that the Court deem the previously filed cross-motions for summary judgment in this case (Dkt. 21, 30) and accompanying materials to apply to Counts 1–5 of the Amended Complaint.  A proposed order is attached.

Plaintiffs have good cause to file an Amended Complaint.  On May 27, 2025, Plaintiffs filed the original Complaint against the President and other federal defendants (the Federal Defendants) and the Corporation for Public Broadcasting (CPB) challenging the legality of Executive Order 14290 and seeking to enjoin actions by Defendants to implement or enforce it. On September 26, 2025, Plaintiff NPR moved for a temporary restraining order against CPB based on actions taken by it since the filing of the original Complaint.  At the hearing on NPR's motion, the Court stated to NPR's counsel that "if you did want to amend your complaint in light of developments, I would grant you leave to do so." Sept. 30, 2025 Hr'g Tr. at 33:16–20.  Consistent

1

with that colloquy, the proposed Amended Complaint includes additional allegations concerning CPB's recent actions as well as allegations that provide additional context. The Amended Complaint also includes three new counts asserted by NPR against CPB. A copy of Plaintiffs' Amended Complaint is filed herewith as Exhibit A. A redline showing the amendments to the original Complaint is attached hereto as Exhibit B.

There is also good cause to construe the previously filed cross-motions for summary judgment to apply to Counts 1 to 5 of the Amended Complaint. As the Exhibit B shows, those counts and the allegations supporting them have not materially changed from the original Complaint. Plaintiffs' request would therefore substantially promote judicial economy. *See*, *e.g.*, *McNeil v. U.S. Dep't of State*, No. CV 20-329 (JDB), 2020 WL 7419673, at *3 (D.D.C. Nov. 12, 2020) (accepting the defendant's request "to construe its motion for summary judgment as cast against [the plaintiff's] amended complaint" after plaintiff "filed his amended complaint"); *In re Asad*, No. 15-00209, 2016 WL 4054993, at *2 (Bankr. D.D.C. July 26, 2016) ("deem[ing] the defendant's motion for summary judgment regarding Counts 3 and 4 of the amended complaint to be a motion for summary judgment regarding Counts 3 and 4 of the second amended complaint" when those counts "remain, in substance, the same").

The parties have met and conferred and the Federal Defendants and Local Member Stations agree that Plaintiffs' and Federal Defendants' pending cross-motions for summary judgment may be construed as applying to Counts 1–5 of Plaintiffs' Amended Complaint and further agree, in accordance with the scheduling Order entered by the Court on June 10, 2025 (Dkt. 20) that Federal Defendants' deadline to answer the Amended Complaint shall be extended until 21 days after the Court rules on Plaintiffs' and Federal Defendants' pending cross-motions for summary judgment.

October 6, 2025                                    Respectfully submitted,

/s/ Miguel A. Estrada

Miguel A. Estrada (D.D.C. Bar No. 456289)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
(202) 955-8500
MEstrada@gibsondunn.com

Theodore J. Boutrous, Jr. (D.D.C. Bar No. 420440)
Katie Townsend (D.C. Bar No. 1026115)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
TBoutrous@gibsondunn.com
KTownsend@gibsondunn.com

Elizabeth A. Allen (*Admitted Pro Hac Vice*)
NATIONAL PUBLIC RADIO, INC.
1111 North Capitol Street, NE
Washington, D.C. 20002
(202) 513-2000
EAAllen@npr.org

*Counsel for Plaintiff
National Public Radio, Inc.*

Steven D. Zansberg (*Admitted Pro Hac Vice*)
Zansberg Beylkin LLC
100 Fillmore Street, Suite 500
Denver, CO 80206
(303) 564-3669
steve@zblegal.com

*Counsel for Plaintiffs Roaring Fork Public Radio, Inc. d/b/a Aspen Public Radio, Colorado Public Radio, and KUTE, Inc. d/b/a KSUT Public Radio*

## CERTIFICATE OF SERVICE

      I hereby certify that on October 6, 2025, I electronically filed the foregoing Motion and all supporting documents with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system, which will serve a copy of the same on the counsel of record.

                                            Respectfully submitted,

                                            */s/ Miguel A. Estrada*