IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | Case No. 25-cv-1674 |
| ) | |
| DONALD J. TRUMP, *et al.* ) | |
| ) | |
| Defendants.   ) | |

**DEFENDANT CORPORATION FOR PUBLIC BROADCASTING'S ANSWER**

The Corporation for Public Broadcasting ("CPB") answers the Complaint as follows:

1. This paragraph contains precatory language and legal conclusions as to which no answer is required.

2. This paragraph contains precatory language and legal conclusions as to which no answer is required.

3. This paragraph contains precatory language and legal conclusions as to which no answer is required.

4. Admitted.

5. Admitted.

6. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

7. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

8. As to the first sentence, CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied The balance of the paragraph is admitted.

9. It is admitted that CPB has stated publicly that it would not follow the Order. The balance of the paragraph is denied. Further answering, CPB notes that it filed suit against the President to establish its independence and has in every regard continued to carry out its statutory mission as the steward of federal funds even now.

10. This paragraph contains precatory language and legal conclusions as to which no answer is required.

11. This paragraph contains precatory language and legal conclusions as to which no answer is required.

12. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

13. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

14. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

15. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

16. Admitted.

17. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

18. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

19. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

20. Admitted.

21. Admitted

22. Admitted

23. Admitted.

24. The first sentence is admitted except as to CPB. The second sentence is denied.

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Admitted.

32. Admitted.

33. Admitted

34. The first three sentences are admitted. The fourth sentence is denied. The fifth sentence is denied. Further answering, none of the funds at issue are part of the Satellite Interconnection Fund which is a specific legal entity. Further answering,

CPB notes that regardless of the outcome of this case, PRSS will still receive the funding for the lease of the satellite bandwidth, rendering this case moot.

35. Admitted except that Congress has rescinded FY26 and FY27 funding.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

40. Admitted.

41. Admitted.

42. Admitted.

43. Admitted.

44. Admitted.

45. Admitted.

46. Admitted.

47. Admitted. Further answering, CPB notes that there are a significant number of public radio stations that are not Member stations of NPR.

48. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

49. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

50. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

51. Admitted.

52. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied Admitted.

53. Admitted.

54. As to the first three sentences, CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied. As to the fourth sentence, the grant agreements speak for themselves and any excerpt or summary is therefore denied as misleading and incomplete.

55. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied

56. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

57. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

58. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

59. Admitted.

60. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

61. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

62. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

63. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

64. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

65. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

66. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

67. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

68. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

69. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

70. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

71. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

72. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

73. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

74. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

75. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

76. Admitted.

77. Admitted.

78. Admitted.

79. Admitted.

80. Admitted.

81. Admitted.

82. Admitted.

83. Admitted.

84. Admitted.

85. Admitted. Further answering, CPB notes that these statements were made before CPB received the competing bid from PMI, thereby rendering the statement no longer accurate insofar is it implies that only PRSS could operate an interconnection system.

86. Admitted.

87. Admitted.

88. Admitted.

89. Admitted.

90. Admitted.

91. Admitted.

92. Admitted.

93. Admitted.

94. Admitted.

95. Admitted.

96. Admitted.

97. Admitted.

98. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

99. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

100.    Denied.

101.    CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

102.    CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

103.    The first two sentences are admitted. As to the balance of the paragraph, CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

104. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

105. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied. Further answering, CPB notes that it has been defunded by Congress so regardless of the outcome of this case, there will be no funding for local station or new grants to NPR rendering this case moot.

106. Admitted,

107. Admitted. Further answering, CPB notes that it has been defunded by Congress so regardless of the outcome of this case, there will be no funding for local station or new grants to NPR rendering this case moot.

108. Admitted.

109. Admitted.

110. Admitted.

111. Denied.

112. Admitted.

113. Denied.

114. It is admitted that there were negotiations during this period, but the characterization of those negotiations is denied. As to the second and third sentences, the documents speak for themselves and any attempt to summarize or excerpt from the documents is misleading and incomplete and is therefore denied.

115. As to that nine-day period (which includes a weekend), this is admitted. Further answering, CPB has expressed its dissatisfaction with the NPR/PRSS

operation for years, has received reports recommending fundamental restructuring which NPR/PRSS have refused even to contemplate, and has made clear that it was considering a different approach to radio interconnection. Accordingly, all other statements and implications in this paragraph are denied.

116. As to that nine-day period (which includes a weekend), there was no change in any pressure from the Trump Administration with respect to NPR – indeed, there was no communication from the Trump Administration concerning NPR at all. Therefore, this paragraph is denied.

117. The fact of the meeting on April 3, 2025, is admitted. The balance of the paragraph is denied.

118. Admitted.

119. Admitted.

120. The first sentence is incomplete and misleading and is therefore denied. The second sentence is admitted.

121. Admitted.

122. Admitted.

123. Any attempt to summarize a series of written communications is inherently misleading and incomplete and is therefore denied.

124. Any attempt to summarize a lengthy court filing is inherently misleading and incomplete and is therefore denied.

125. The first sentence is denied. The second sentence is admitted.

126. Admitted.

127. Denied.

128. NPR has said a great many things over the course of time and any attempt to summarize those statements is incomplete and misleading and therefore denied.

129. Denied.

130. The first sentence is denied. As to the second, in light of NPR's inadequate and unresponsive proposal and its historic resistance to any change, and CPB saw no benefit to a discussion and one did not take place, admitted

131. Admitted that CPB made further inquiries of the successful proposer to make progress on the award of funds. Admitted that PMI is a coalition of entities.

132. Admitted that once PMI's proposal was evaluated, there were subsequent discussions.

133. Admitted.

134. The award speaks for itself and any attempt to summarize such award is incomplete and misleading and is therefore denied. Further answering, CPB notes that even under the PMI proposal, NPR will be receiving millions of dollars, particularly with respect to the satellite expenses.

135. This allegation is so vague that no reasonable answer is possible and it is therefore denied.

136. Admitted. Further answering, CPB notes that in prior periods of time there have been gaps in funding and NPR/PRSS has always claimed to have funds in reserve.

137. The first sentence is admitted in light of the fact that they have never had a choice before. As to the second sentence, CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

138. CPB reincorporates its prior responses.

139. Admitted.

140. Admitted.

141. Admitted.

142. Admitted.

143. Admitted.

144. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

145. Admitted.

146. Admitted.

147. Admitted.

148. Admitted.

149. CPB reincorporates its prior responses.

150. Admitted.

151. Admitted.

152. Admitted.

153. Admitted.

154. Admitted.

155. Admitted.

156. Admitted.

157. Admitted.

158. Admitted.

159. Admitted.

160. CPB reincorporates its prior responses.

161. Admitted.

162. Admitted.

163. Admitted.

164. Admitted.

165. Admitted.

166. Admitted.

167. Admitted.

168. Admitted.

169. CPB reincorporates its prior responses.

170. Admitted.

171. Admitted.

172. Admitted.

173. Admitted.

174. Admitted.

175. Admitted.

176. Admitted. Further answering, CPB notes that none of its officers or directors are federal officials.

177. Admitted.

178. Admitted.

179. CPB reincorporates its prior responses.

180. Admitted.

181. Admitted.

182. Admitted.

183. Admitted.

184. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

185. Admitted.

186. Admitted.

187. Admitted

188. Admitted

189. Admitted.

190. Admitted.

191. Admitted.

192. CPB reincorporates its prior responses.

193. Denied.

194. Denied.

195. Denied.

196. CPB reincorporates its prior responses.

197. Denied.

198. Denied.

199. Denied.

200. Denied.

201. Denied.

202. CPB reincorporates its prior responses.

203. CPB lacks sufficient information to form a belief as to the truth of these allegations and they are therefore denied.

204. Denied.

205. Denied.

206. Denied.

207. Denied.

208. Denied.

## AFFIRMATIVE DEFENSES

1. The Court lacks subject matter jurisdiction over the Amended Complaint as it relates to CPB.

2. NPR lacks standing with respect to Counts 6-7.

3. The Amended Complaint fails to state claims against CPB upon which relief can be granted.

4. To the extent that the counts against CPB relate to the statutorily defined "Satellite Interconnection Fund," the claims are moot since there are no funds remaining in that Fund.

5. The counts against CPB are barred by the doctrines of waiver and estoppel.

6. The counts against CPB are barred by the doctrine of laches.

## PRAYER FOR RELIEF

For these reasons, CPB respectfully requests an order:

1. Dismissing the counts as against CPB;

2. Entering judgment against NPR with respect to the counts as against CPB; and,

3. Entering such other orders as justice may require.

Dated: August 8, 2025

By: */s/ Jason W. McElroy*
Jason W. McElroy (D.C. Bar No. 502733)
Peter C. Nanov (D.C. Bar No. 230021)
SAUL EWING LLP
1919 Pennsylvania Avenue NW, Suite 550
Washington, D.C. 20006
Tel: (202) 295-6605
Email:   jason.mcelroy@saul.com
         peter.nanov@saul.com

Joseph D. Lipchitz (*Pro hac vice*)
SAUL EWING LLP
131 Dartmouth St., Suite 501
Boston, MA 02116
Tel: (617) 912-0941
Email:   joseph.lipchitz@saul.com

*Counsel for Defendant Corporation for Public Broadcasting*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused one copy of the foregoing **ANSWER** on all parties and counsel of record via the Court's CM/ECF system.

                                  */s/ Jason W. McElroy*
                                  Jason W. McElroy