**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., *et al.* )<br><br>Plaintiffs, )<br><br>v. )<br><br>DONALD J. TRUMP, *et al.* )<br><br>Defendants. ) | Case No. 1:25-cv-1674-RDM |

**PROTECTIVE ORDER**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect confidential material, and ensure that protection is afforded to material designated in the above-captioned case, Plaintiff National Public Radio, Inc. (NPR) and Defendant Corporation for Public Broadcasting (CPB) have agreed to the following Protective Order to apply to the discovery and procedures set forth in the Scheduling Order entered on October 7, 2025.  The Court enters this Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure.

1.    **DEFINITIONS**

    1.1.    This Action: the above-captioned case.

    1.2.    Party: shall refer for the purposes of this Order only to Plaintiff National Public Radio, Inc. and Defendant Corporation for Public Broadcasting.  The terms of this Order shall not apply to any other party to this action.

    1.3.    Discovery Material: all documents, items, or other information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in This Action.  This includes any material produced, filed, or served by any Party or

person during discovery in This Action, or any information included in any such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a Party or person (whether produced pursuant to Federal Rule of Civil Procedure 34, subpoena, or otherwise), and responses to requests for admission.  Discovery Material produced, exchanged, or disclosed in This Action shall be used only for the purposes of This Action, and not for any other proceeding, business, competitive, personal, private, public, or other purpose.

    1.4.   <u>Receiving Party</u>: a Party that receives Discovery Material from a Producing Party.

    1.5.   <u>Producing Party</u>: a Party or non-party that produces Discovery Material.

    1.6.   <u>Designating Party</u>: a Party or non-party that designates information or items that it or another Party or non-party produces in disclosures or in responses to discovery as CONFIDENTIAL.

    1.7.   <u>CONFIDENTIAL Information or Items</u>:  information (regardless of how it was generated), testimony or tangible things that have not been made public by the Producing Party, or Designating Party if different than the Producing Party, and that the Producing Party, or Designating Party if different than the Producing Party, reasonably and in good faith believes qualify for protection under standards developed under Federal Rule of Civil Procedure 26(c), including: (a) non-public, confidential, proprietary or commercial information not readily ascertainable through lawful means by the public or the Receiving Party; (b) information that is commercially sensitive, including, without limitation, confidential research or business development information; or (c) information kept confidential pursuant to law or regulation.

    1.8.   <u>Protected Material</u>: any Discovery Material that is designated as "CONFIDENTIAL."

1.9.    <u>Outside Counsel</u>: attorneys, as well as their regular and temporary support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators, who are not employees of a Party but who are retained to represent or advise a Party in This Action.

1.10.    <u>In House Counsel</u>: attorneys and other personnel employed by or on behalf of a Party to perform legal functions as well as their regular and temporary support staffs, including but not limited to attorneys, paralegals, secretaries, law clerks, and investigators.

1.11.    <u>Counsel (without qualifier)</u>: Outside Counsel and In House Counsel.

1.12.    <u>Expert and/or Consultant</u>: a person with specialized knowledge or experience in a matter pertinent to This Action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in This Action, and who is not a current employee of a Party.

1.13.    <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., copying, organizing, filing, coding, converting, storing, retrieving data in any form or media or designing programs for handling data connected with This Action, including the performance of such duties in relation to a computerized litigation support system, etc.) who have been retained by a Party or its Counsel to provide litigation support services in This Action, and who are not current employees of a Party and their employees and subcontractors.

## 2.    SCOPE OF PROTECTIVE ORDER

This Order shall apply to all Discovery Material.

## 3.    CONFIDENTIALITY DESIGNATIONS

3.1.    Each Party and any non-party shall have the right to designate any Discovery Material as confidential and subject to this Order, by marking such Material as either "CONFIDENTIAL," in accordance with Paragraph 4 of this Order.  It shall be the duty of the Party or non-party who seeks to invoke protection under this Order to give notice, as set forth

56530704.1

below, of the Discovery Material designated as CONFIDENTIAL.  The duty of the Parties and of all other persons bound by this Order to maintain the confidentiality of the Discovery Material so designated shall commence with such notice.

3.2.    CONFIDENTIAL Discovery Material shall include: (a) all copies, extracts, and complete or partial summaries prepared from such CONFIDENTIAL Discovery Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL Discovery Material; (c) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto that contain, summarize, or reflect the content of any such CONFIDENTIAL Discovery Material; and (d) written discovery responses and answers that contain, summarize, or reflect the content of any such CONFIDENTIAL Discovery Material.

3.3.    CONFIDENTIAL Discovery Material shall not include: (a) information in the public domain at the time of disclosure, provided that if only part of the contents of particular CONFIDENTIAL Discovery Material is in the public domain, the remaining contents shall remain subject to this Order; (b) information the Receiving Party can show was in its possession prior to the time of disclosure; (c) information that becomes a part of the public domain through no fault of a Receiving Party; or (d) information the Receiving Party receives from a non-party properly and rightfully in possession of said information, and not as a result of any breach of confidentiality, and properly and rightfully authorized to make disclosure without restriction as to disclosure.  The Receiving Party shall have the burden of proving that the use or disclosure satisfies one or more of these criteria.

3.4.    The Receiving Party may challenge a designation of CONFIDENTIAL Discovery Material in accordance with the provisions of Paragraph 7.

4.    **DESIGNATING MATERIALS AS "CONFIDENTIAL"**

4.1.    <u>Designating Documentary Discovery Material</u>.  Any Party may designate Discovery Material as CONFIDENTIAL under the procedures and standards set forth in this Order, and such Discovery Material shall be treated in accordance with the provisions of this Order.

4.2.    <u>Manner and Timing of Designations</u>.  The designation of information as CONFIDENTIAL for purposes of this Order shall be made in the following manner:

a.    <u>For information in documentary or digital image format</u> the Designating Party shall affix a legend to each page or digital image that contains Protected Material.  The legend shall include either "CONFIDENTIAL" adjacent to the Bates Numbers.  The legend shall be affixed in such a manner as not to obliterate or obscure any written part of the Discovery Material.

b.    <u>For Discovery Material produced in some form other than documentary or digital image</u>, and for any other tangible items such as recordings, magnetic media, photographs and things, the Designating Party shall affix in a prominent place a legend substantially in the above form to the Discovery Material, or a container for it, or in the electronic file name, in any suitable and readily viewable manner.

c.    For testimony given in deposition, or other pretrial proceedings:

(i)    Parties and deponents may, within 2 days after receiving a final transcript of a deposition, designate pages of the transcript (and exhibits thereto) as CONFIDENTIAL to the extent the Party or deponent believes the pages contain material or information entitled to protection (as defined in this order).  Such arguably CONFIDENTIAL information within the deposition transcript may be designated by providing to all Parties and to

the court reporter a copy of the transcript with the parts designated as CONFIDENTIAL highlighted in yellow, or in writing with designations made by page and line number.

(ii)     Until the expiration of the 2 day period during which such designations may be made, the entire deposition will be treated as subject to protection as CONFIDENTIAL under this Order.  Subject to Paragraph 4.3, those parts of a deposition that are not designated CONFIDENTIAL will, upon the expiration of the three (3) day period, lose CONFIDENTIAL treatment.  A Party thereafter seeking to assert inadvertent failure to designate under Paragraph 4.3 shall do so on motion to the Court and shall have the burden of showing grounds for relief.  No Party shall be held in breach of this Order if, prior to service of the motion, those parts of the deposition that are the subject of the motion ("Non-designated Testimony") were disclosed or used in a manner inconsistent with the designation sought by the motion, and during the pendency of the motion, Non-Designated Testimony may be further disclosed or used only to the extent authorized by Paragraph 5.4.

(iii)    If a designation is made, the CONFIDENTIAL portions and exhibits, if filed with the Court, shall be subject to the filing requirements set forth in Paragraph 9 below.

(iv)    If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as CONFIDENTIAL shall be afforded the same status.

4.3.    <u>Inadvertent Failures to Designate</u>.  Other than testimony subject to the inadvertent failure to designate provisions of Paragraph 4.2(d) of this Order, the inadvertent failure to designate particular Discovery Material as CONFIDENTIAL at the time of production shall not operate to waive a Party's or person's right to later designate such Discovery Material as

CONFIDENTIAL.  Any correction and notice of the correction shall be made in writing, accompanied by substitute copies of each item of Discovery Material, properly marked CONFIDENTIAL in accordance with Paragraph 4.2 of this Order.  A receiving Party may challenge the correction and the fact of a late designation in accordance with Paragraph 7 of this Order, and until that challenge is resolved by the Parties or the Court, the disputed Discovery Material shall be treated as CONFIDENTIAL in accordance with the corrected designation.  If no challenge is made, then within 10 calendar days of receipt of substitute copies of the Discovery Material, the Receiving Party shall destroy or return to counsel for the Producing Party all copies of such mis-designated Discovery Material.  No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation.  If the Discovery Material that was inadvertently not designated is, by the time of the later designation, filed with a court on the public record, the Party or non-party that failed to make the designation shall move for appropriate relief.

5.    **DISCLOSURE AND USE OF DISCOVERY MATERIAL**

5.1.    Absent an agreement of the Producing Party or an Order to the contrary by this Court or other court of competent jurisdiction, and except as provided in Paragraph 5.5 below, each Party and all other persons bound by the terms of this Order shall use any Discovery Material produced or otherwise provided by a Party or non-party other than itself solely for purposes of prosecuting, defending, or attempting to settle any part of This Action.  Such Discovery Material shall not be used for any other purpose, including, without limitation, any business or commercial purpose.  The attorneys of record for the Parties shall exercise reasonable care to ensure that the information and documents governed by this Order are (a) used only for the purpose specified herein, and (b) disclosed only to authorized persons.

-7-

5.2.    Discovery Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  For purposes of this Order, a secure website, or other internet-based document depository with adequate security and access limited to persons authorized under this Order, shall be deemed a secure location.

5.3.    CONFIDENTIAL Discovery Material may be disclosed, summarized, described, revealed or otherwise made available in whole or in part only in accordance with the terms of this Order and only to the following persons:

a.    any officer, director, or employee of a Party who is required in good faith to provide material assistance in the conduct of This Action;

b.    Parties' In House Counsel;

c.    Outside Counsel for the Parties;

d.    this Court, or any other court exercising jurisdiction with respect to This Action, any appellate court(s), court personnel, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in This Action;

e.    any person designated by the Court upon such terms as the Court may deem proper;

f.    any special master, mediator or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation, arbitration or other dispute resolution regarding issues arising in This Action;

g.    Experts and Consultants retained by the Parties to provide services in This Action;

h.    Professional Vendors retained by the Parties to provide services in This Action;

i.    the author, addressees, or recipients of the document, or any current employee or Federal Rule of Civil Procedure 30(b)(6) witness of the Producing or Designating Party;

j.    (i) the person, or a current officer, director, or employee of an entity, that produced or originally created the Protected Material; (ii) any person who was an officer or employee of the Producing Party at the time the Protected Material was originally created, provided that the disclosing party has a good faith belief that the matters memorialized in the Protected Material were within the scope of employment of, or otherwise were known to, such person; (iii) any person who was an author, addressee or recipient of the Protected Material sought to be disclosed to that person; or (iv) any person expressly mentioned, discussed or referred to by actual name in the Protected Material as indicated on its face, provided that the disclosing party has a good faith belief that the matters memorialized in the Protected Material were within the scope of employment of, or otherwise were known to, such person; and

k.    others as to whom the Designating Party has agreed (or in the case of CONFIDENTIAL Discovery Material for which there are multiple Designating Parties, all Designating Parties have agreed) in writing or on the record.

5.4.    This Order shall not restrict any attorney who is a qualified recipient under the terms of Paragraphs 5.3.b or 5.3.c from rendering advice to his or her client that is a Party with respect to This Action, and in the course thereof, from generally relying upon his or her examination of Protected Material.  In rendering such advice or in otherwise communicating with the client, the attorney shall not disclose directly or indirectly the specific content of any

Protected Material of another Party or non-party where such disclosure would not otherwise be permitted under the terms of this Order.

    5.5.    This Order shall not apply to and, thus, does not restrict any Party's use, for any purpose, of: (a) its own Protected Material; or (b) any documents, things, information, or other material that: (i) at the time of disclosure in This Action is publicly known through no unauthorized act of such Party; (ii) was lawfully developed or obtained independent of discovery in This Action; or (iii) was obtained or purchased by a Party from a non-party under a confidentiality or other non-disclosure agreement.  The Party shall have the burden of proving that the use or disclosure satisfies one or more of these criteria.

**6.    PROCEDURES FOR DISCLOSURE OF "CONFIDENTIAL" INFORMATION**

    6.1.    Every person to whom Protected Material or information contained therein is to be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part, first shall be advised that the Protected Material or information is being disclosed pursuant and subject to the terms of this Order.

    6.2.    Before disclosure of any Protected Material is made under paragraphs 5.3, the person to whom disclosure is to be made shall execute a copy of the Acknowledgement and Agreement to be Bound by Stipulated Protective Order ("Agreement") attached hereto as Exhibit A; provided that: (a) persons in paragraphs 5.3 (c), (d), and (e) shall not be required to execute Exhibit A; (b) a witness at a deposition may state on the record under oath that he or she agrees to be bound by this Order to the same extent as provided for in Exhibit A; and (c) if any current employee of a Designating Party is sought to be examined as a deposition witness, the Designating Party shall be responsible for obtaining the individual's execution of Exhibit A or adoption of Exhibit A on the deposition record.

56530704.1

6.3.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person not authorized under this Order, the Receiving Party must immediately (a) use its best efforts to retrieve all copies or obtain a certification of destruction of the Protected Material, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, (c) request such person or persons to execute the Agreement attached as Exhibit A, and (d) inform each Designating Party of the unauthorized disclosure.

**7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1.    Application to strike designation: Any Party challenging another Party's or person's designation of Discovery Material as CONFIDENTIAL (the "Challenging Party") may make, in the manner prescribed by the Federal Rules of Civil Procedure and the Local Rules, a motion or other appropriate application to the Court to strike the designation at any time up to the commencement of a trial in This Action. The Challenging Party shall provide written notice to the Designating Party, identifying the CONFIDENTIAL Discovery Material whose designation it challenges and setting forth the basis for the challenge.  Within 21 business days of its receipt of written notice of the challenge to its designation, the Designating Party shall meet and confer with the Challenging Party and these parties shall make a good faith effort to resolve any dispute concerning the designation by agreement or stipulation.  Failing such agreement or stipulation, the Challenging Party's motion or application regarding the challenged material shall be filed under seal and identify with specificity the CONFIDENTIAL Discovery Material that is the subject of the motion.  If such a motion or application is made, the Designating Party may respond, and all Discovery Material so designated shall maintain its as-designated CONFIDENTIAL status pending a determination by the Court as to its

-11-

appropriate status.  The Designating Party bears the burden to justify the designation

challenged.

      7.2.    Nothing in this Paragraph 7 shall limit the right of any Party to petition the Court

for an in camera review of any Discovery Material.

## 8.    EXAMINATION OF WITNESSES

      8.1.    The use of Protected Material at any deposition is subject to the limitations on

disclosure provided in Paragraph 5.3.

      8.2.    If a deposition witness is examined concerning Protected Material, the

Designating Party shall have the right to exclude from the portion of the examination

concerning such information any person not authorized in accordance with Paragraphs 5.3

above to have access to such material.

## 9.    FILING CONFIDENTIAL DISCOVERY MATERIAL

      9.1.    If Protected Material is included in written answers to discovery requests of any

kind, the portions of such answers or responses that contain the CONFIDENTIAL Discovery

Material shall be marked CONFIDENTIAL.

      9.2.    To the extent a Party wishes or is required to file such Discovery Materials with

the Court (a "Filing Party"), the Filing Party shall comply with the local rules or such other

subsequent Order of Court regarding filing of Protected Material.

## 10.    INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL

      10.1.  If, in connection with This Action, information subject to a claim of attorney-

client privilege, work product protection, or other legally cognizable privilege or immunity is

inadvertently disclosed ("Disclosed Protected Information"), the disclosure of the Disclosed

Protected Information shall not constitute or be deemed a waiver or forfeiture of any claim of

privilege or other protection that a Party would otherwise be entitled to assert with respect to the

-12-

Disclosed Protected Information and its subject matter.  **The Parties intend that this provision shall displace the provisions of Fed. R. Evid. 502(b)(l) and (2), and that this provision shall constitute an Order under Fed R. Evid. 502(d).**

10.2.   If a Producing Party becomes aware that it has inadvertently produced Disclosed Protected Information, the Producing Party will promptly notify each Receiving Party in writing of the inadvertent production.  Within 10 business days of receipt of such notice, each Party to which such notice is directed: (a) must return, sequester, or destroy the Disclosed Protected Information and any copies; (b) must not use or disclose the Disclosed Protected Information until the claim is resolved; (c) must take reasonable steps to recall the Disclosed Protected Information if the Party disclosed it before being notified; and (d) must provide a written certification of counsel that all such Disclosed Protected Information has been returned, sequestered, or destroyed.  Any notes or summaries referring or relating to any such Disclosed Protected Information shall be destroyed or sequestered within the ten (10) business day period provided for.

10.3.   If a Receiving Party receives materials that reasonably appear to be subject to an attorney-client privilege, work product protection, or otherwise protected by a discovery privilege or immunity, the Receiving Party must refrain from further examination of the materials that may be privileged or protected, and shall immediately notify the Producing Party, in writing, that the Receiving Party possesses such material.

10.4.   Within 10 business days of the notification that such Disclosed Protected Information has been returned, sequestered or destroyed, the Party asserting privilege shall produce a privilege log with respect to the Disclosed Protected Information setting forth all of the information required under Fed.  R. Civ.  P. 26(b)(5)(A)(ii).

-13-

10.5.   Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a challenge to the Court.  If the underlying claim of privilege or protection is contested, the Parties shall comply with Fed.  R. Civ.  P. 26(b)(5)(B) and the Receiving Party may promptly seek a judicial determination of the matter pursuant to that rule (a "Privilege Motion").  Any Privilege Motion shall not assert as a ground for granting the motion the fact or circumstance of the production in This Action of the Discovery Material claimed to be privileged.

10.6.   The Party asserting privilege retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information.  Nothing in Paragraph 10 shall limit the right of any Party to petition the Court for an in camera review of the Disclosed Protected Information.

## 11.    OTHER PROCEEDINGS

If, at any time, any CONFIDENTIAL Discovery Material in the possession, custody or control of any Party or person other than the Designating Party is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, before producing any CONFIDENTIAL Discovery Materials, the Party or person to whom the subpoena or request is directed shall provide prompt written notice to the original Designating Party.  Should the Designating Party oppose the request for production of such documents or materials, the Party or person to whom the subpoena or request is directed shall not take any position concerning the propriety of such request or subpoena or the discoverability of the information sought that is adverse to the Designating Party unless otherwise ordered by a court of competent jurisdiction. Other than the obligation to comply with these requirements, this Order is not intended to affect a Party's obligation to respond to such a subpoena or request.

-14-

56530704.1

**12.    CONCLUSION OF THE LITIGATION**

12.1.   The provisions of this Order shall continue to be binding after final termination of This Action.  Within 60 days after final conclusion of all aspects of This Action, including any appeals, any Party and all persons who received (or tendered to any other person) Discovery Material designated for CONFIDENTIAL treatment (or any copy thereof) must, at the election of the Receiving Party, either: (a) return such Protected Material to the Producing Party or (b) certify in writing to counsel for the Producing Party that the Receiving Party or such person(s) to whom Protected Material had been tendered has destroyed those documents and materials and the portions of all other material containing or reflecting Protected Material.

12.2.   The costs of return of Discovery Material to the Producing Party shall be borne by the Producing Party.  The costs of destruction of the documents and materials shall be borne by the Receiving Party.  The costs associated with providing the aforementioned certification shall be borne by the certifying person(s).

12.3.   Counsel for the private Parties shall be permitted to retain copies of court filings, papers served in connection with This Action, transcripts (including deposition transcripts), exhibits, correspondence, and work product containing or reflecting CONFIDENTIAL Discovery Material.  The Receiving Party's reasonable efforts shall not require the return or destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; (ii) are subject to litigation hold obligations; or (iii) are otherwise required by law to be retained.  Backup storage media need not be restored for purpose of returning or certifying destruction of materials, but any such materials retained in backup storage media shall continue to be treated in accordance with this Order.

56530704.1

13.    **OTHER**

13.1.  <u>Non-waiver</u>: The production of Protected Materials by a Party under the terms of this Order shall not be construed to mean that the Producing Party has waived any objection to the production, relevancy or admissibility of such Protected Materials.  Nothing contained herein shall preclude any Party from opposing or seeking any discovery on any basis.

13.2.  <u>Modification</u>:  Stipulations may be made, between Counsel for the respective Parties, as to the application of this Order to specific situations, provided that such stipulations are recorded in writing or contained in the record of any oral proceeding.  Nothing contained herein shall preclude any Party from seeking an Order of the Court modifying or supplementing this Order.

13.3.  <u>Duration</u>: Even after the termination of This Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court Order otherwise directs.

It is so ORDERED.

BY THE COURT:


_____
**Randolph D. Moss**
**United States District Judge**

-16-

## EXHIBIT A TO PROTECTIVE ORDER

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL PUBLIC RADIO, INC., *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-1674-RDM |
| | ) | |
| DONALD J. TRUMP, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ACKNOWLEDGEMENT AND AGREEMENT
## TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name],

_____ [print position of

employment, firm name, and full address], declare under penalty of perjury that I have read in its

entirety and understand the Protective Order issued by the United States District Court for the

District of Columbia on _____ (Pretrial Order No. ___) in the action *National Public

Radio, Inc. v. Trump et al.* (the "Order").

I agree to comply with and to be bound by all the terms of the Order. I understand that

Discovery Material designated as CONFIDENTIAL, HIGHLY CONFIDENTIAL, or

ATTORNEY'S EYES ONLY under the Order is being provided to me pursuant to the terms of

the Order. I understand and acknowledge that failure to so comply could expose me to sanctions

and punishment in the nature of contempt. I promise that I will not disclose in any manner any

information or item that is subject to the Order to any person or entity except in strict compliance

with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Columbia for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of This Action.

Dated:_____

City and State (or Country) where sworn and signed:_____

Printed name:_____

Signature:_____