# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., *et al.*<br><br>*Plaintiffs*,<br><br>*v.*<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | Case No. 25-cv-1674-RDM |

**PLAINTIFF NATIONAL PUBLIC RADIO, INC.'S RESPONSES AND OBJECTIONS**
**TO DEFENDANT CORPORATION FOR PUBLIC BROADCASTING'S**
**FIRST DISCOVERY REQUESTS**

Pursuant to Rules 22 and 33 of the Federal Rules of Civil Procedure and Local Rule 26.2(d) of the Local Civil Rules of the U.S. District Court for the District of Columbia (the "Local Rules"), and the October 7, 2025 Scheduling Order in the above-captioned action, Plaintiff National Public Radio, Inc. ("NPR"), by and through its undersigned counsel, hereby objects and provides the following Responses and Objections to Defendant Corporation for Public Broadcasting's ("CPB") Requests for Production and Interrogatories (collectively, the "Requests").

**GENERAL OBJECTIONS**

NPR makes the following General Objections, which are incorporated into each of the Specific Responses and Objections below, which Specific Responses and Objections are made without waiver of, and subject to, these General Objections. A Specific Response may repeat a General Objection for emphasis or for some other reason. However, the omission of any General Objection in any Specific Response is not intended to be, nor should it be construed as, a waiver of any such Objections. Further, none of the General Objections nor the Specific Responses and

Objections are to be construed as an admission as to the relevance or admissibility of any information provided herein, and all objections as to relevance and admissibility are expressly reserved.

1.    NPR objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they purport to seek discovery beyond the limits imposed by or inconsistent with the requirements of the Federal Rules of Civil Procedure, Local Rules, any applicable order in this case, and any agreement of counsel regarding the scope of discovery in this matter.  NPR will construe and respond to the Requests in accordance with applicable law, any applicable order in this case, and any agreement of counsel regarding the scope of discovery in this matter.

2.    NPR further objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they are vague and ambiguous, overly broad, unduly burdensome, lacking in particularity or unreasonable, or otherwise seek the discovery of information that is neither relevant to NPR's claims against CPB nor CPB's defenses in the above-captioned action that are the subject of this limited discovery, nor reasonably calculated to lead to the discovery of admissible evidence as to those claims and defenses.

3.    NPR further objects to the Requests, including the Definitions and Instructions contained therein, to the extent that the burden of collecting and producing responsive documents would be substantially the same for CPB as it is for NPR.

4.    NPR further objects to the Requests, including the Definitions and Instructions contained therein, to the extent they purport to require NPR to take any additional actions beyond conducting a reasonable search of its records where responsive documents, if any, are likely to be found.

5.    NPR further objects to the Requests, including the Definitions and Instructions contained therein, to the extent they are unreasonably cumulative, duplicative or redundant of CPB's other Requests.

6.    NPR further objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they seek documents that are protected from disclosure by the attorney-client privilege, common interest privilege, work-product doctrine, or any other applicable privilege or protection.  Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of a specific objection should not be interpreted as evidence that NPR does not object to a Request on the basis of an applicable privilege.  Any inadvertent disclosure of such material shall not be deemed a waiver of the applicable privilege or protection, and NPR reserves the right to demand the return of any privileged documents.

7.    NPR further objects to the Requests, including the Definitions and Instructions set forth therein, to the extent that they are argumentative or call for legal conclusions.  NPR's Responses herein do not provide, and shall not be construed as providing, a legal conclusion or admission concerning any of the terms used in the Requests.

8.    NPR further objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they contain any explicit or implicit characterization of facts, events, circumstances, or issues, and to the extent that they assume the existence of facts that do not exist or the occurrence of events that did not take place. The Responses are not intended to provide, and shall not constitute or be construed as providing, an admission that any explicit or implicit characterization of facts, events, circumstances, or issues in the Requests are accurate.

9.    NPR further objects to the Requests, including the Definitions and Instructions contained therein, to the extent that they seek third-party documents or documents that are (i) not

in NPR's possession, custody, or control; (ii) already in CPB's possession otherwise available from other sources to which CPB has access; or (iii) otherwise available through a more convenient, more efficient, less burdensome or less expensive means.

10.    NPR further objects to the Requests to the extent that they purport to seek information that is confidential, proprietary, commercially or competitively sensitive, including information that is subject to other protective orders, non-disclosure agreements or other confidentiality undertakings.

11.    NPR further objects to the Requests to the extent that they are argumentative, lack foundation, or incorporate allegations and assertions that are disputed or erroneous.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

12.    NPR objects to any of the Definitions and Instructions and any of the Requests that incorporate those Definitions and Instructions to the extent that they purport to broaden the obligations imposed by applicable law, including the Federal Rules of Civil Procedure, Local Rules, and any applicable order in this case, as well as any agreement of counsel regarding the scope of discovery in this matter. Subject to and without waiving these Objections, NPR will construe the Definitions and Instructions consistently with applicable law, any applicable order in this case, as well as any agreement of counsel regarding the scope of discovery in this matter.

13.    NPR objects to the proposed definitions of the term "representative" and to all other Definitions and Instructions and all Requests incorporating that term on the ground that the inclusion of "attorneys" encompasses information protected against disclosure by the attorney-client privilege, common interest privilege, and work-product doctrine. NPR further objects to the proposed definitions of the term "representative" and to all other Definitions and Instructions and all Requests incorporating that term on the ground that "other persons . . . purporting to act on

behalf of the party to whom these Requests are addressed" is vague, ambiguous, overbroad, and seeks information that is not in NPR's possession, custody, or control.

14.     NPR objects to the proposed definitions of the words "document" and documents" and to all other Definitions and Instructions and all Requests incorporating those words on the ground that the inclusion of "attorneys" encompasses information protected against disclosure by the attorney-client privilege, common interest privilege, and work-product doctrine.  NPR further objects to the proposed definitions of the words "document" and documents" and to all other Definitions and Instructions and all Requests incorporating those words on the ground that and to the extent that they purport to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law, any applicable order in this case, and any agreement of counsel regarding the scope of discovery in this matter.

15.     NPR objects to the proposed definition for the term "Identify" and to all Requests incorporating that term, to the extent that it purports to impose burdens or obligations that are not authorized pursuant to applicable law, or are broader than or inconsistent with the Federal Rules of Civil Procedure, Local Rules, any applicable order in this case, and any agreement of counsel regarding the scope of discovery in this matter—including but not limited to "when used in conjunction with a document," the inclusion of "identify all individual who helped create the document" and "if you are not producing the document, state why you are not producing the document, and describe the contents of the document."  NPR further objects to the proposed definition for the term "Identify" to the extent it purports to seek third-party information or information that is not in the possession, custody, or control of NPR.  NPR's Responses construe the term "Identify" consistent with applicable law, any applicable order in this case, and any agreement of counsel regarding the scope of discovery in this matter.

16.     NPR objects to the proposed definitions of the terms "communicate" and "communication(s)" and to all Requests incorporating those terms on the ground that and to the extent that they purport to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law, any applicable order in this case, and any agreement of counsel regarding the scope of discovery in this matter.

17.     NPR objects to the proposed definitions of the words "You" and "your" and to all other Definitions and Instructions and all specific Requests incorporating that term on the basis of its inclusion of the term "representative."   NPR incorporates its objections to the proposed definition of the term "representative," set forth in Paragraph 13, above, into its objection to the proposed definitions of the word "You" and "your."   NPR further objects to the proposed definitions of the words "You" and "your" and to all other Definitions and Instructions and all specific Requests incorporating that term on the ground that and to the extent that they seek third-party information or information that is not in the possession, custody or control of NPR; information that is not relevant to the NPR's claims against CPB or CPB's defenses in the above-captioned action; and information that is not reasonably calculated to lead to the discovery of evidence relevant to those claims and defenses.   NPR further objects to the proposed definitions of the words "You" and "your" and to all other Definitions and Instructions and all specific Requests incorporating that term on the ground that and to the extent that they purport to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law, any applicable order in this case, and any agreement of counsel regarding the scope of discovery in this matter.

18.     NPR objects to the proposed definitions of the term "Working Group" and to all other Definitions and Instructions and all specific Requests incorporating that term on the ground

that it is argumentative.  NPR's Responses herein do not provide, and shall not be construed as providing, a legal conclusion or admission concerning any factual assertion including in the proposed definition of the term "Working Group."

19.     NPR objects to CPB's Instructions, Paragraphs 17, 18, and 19 on the ground that and to the extent that they purport to require NPR to produce third-party information or information that is not in the possession, custody or control of NPR.

20.     NPR objects to CPB's Instructions, Paragraphs 16, 18, 19, 20, 22, and 23, on the grounds that and to the extent that they are overly broad and unduly burdensome; seek information that is not relevant to the NPR's claims against CPB or CPB's defenses in the above-captioned action; seek information that is not reasonably calculated to lead to the discovery of evidence relevant to those claims and defenses; and purport to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law, any applicable order in this case, and any agreement of counsel regarding the scope of discovery in this matter.

21.     NPR objects to CPB's Instruction, Paragraph 24, that unless otherwise stated, "the time period applicable to these Requests and Interrogatories is January 1, 2024 to the date of your responses to the Requests" on the ground that it is overly broad and unduly burdensome; seeks information that is not relevant to the claims of NPR or defenses of CPB in the above-captioned action; seeks information that is not reasonably calculated to lead to the discovery of relevant evidence; and purports to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law, any applicable order in this case, and any agreement of counsel regarding the scope of discovery in this matter.

## SPECIFIC RESPONSES AND OBJECTIONS TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** All documents and communications which support the allegations and claims in your Complaint, including but not limited to your allegations and claims that: NPR is entitled to receive the funds that NPR claims it is being denied; CPB has carried out government retaliation based on your speech; CPB has tortiously interfered with NPR's business relations.

### RESPONSE TO REQUEST NO. 1:

NPR objects to this Request on the grounds that and to the extent that it purports to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law and/or any applicable order in this case. NPR further objects to this Request on the ground that and to the extent it is duplicative of CPB's other Requests.

NPR further objects to this Request on the ground that and to the extent that it purports to seek discovery of documents that are not in NPR's possession, custody, or control. NPR further objects to this Request as seeking documents that are more readily available from a third party, or already in the possession, custody, or control of CPB. NPR further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, common interest privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection from discovery.

Subject to and without waiver of the foregoing General and Specific Objections, NPR responds as follows: NPR conducted a reasonable search for documents and communications responsive to this Request and will produce non-privileged documents in its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 2:** All documents and communications between you and any third-parties, including any broadcast stations, donors, or potential donors, regarding your decision to seek,

consideration of, preparation for, or filing of your Motion for a Temporary Restraining Order filed in this action, or your claims against CPB in this action.

**RESPONSE TO REQUEST NO. 2:**

NPR objects to this Request on the grounds that and to the extent that it is overly broad and unduly burdensome; seeks information that is not relevant to NPR claims against CPB or CPB's defenses in the above-captioned action; seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to those claims and defenses; is disproportionate to CPB's needs in the above-captioned case; and purports to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law and/or any applicable order in this case.

NPR further objects to this Request on the ground that and to the extent that it purports to seek discovery of documents that are not in NPR's possession, custody, or control.  NPR further objects to this Request as seeking documents that are more readily available from a third party. NPR further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, common interest privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection from discovery.

Subject to and without waiver of the foregoing General and Specific Objections, NPR responds as follows: NPR conducted a reasonable search for documents and communications responsive to this Request and located no responsive, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 3:** All documents and communications with Broadcast Stations or any third parties relating to designating, or potentially designating, NPR as the designee to receive distributions by CPB for satellite interconnection purposes, including but not limited to all

documents and communications you purport have designated you as the national entity under 47 U.S.C. § 396(k)(10).

**RESPONSE TO REQUEST NO. 3:**

NPR objects to this Request on the grounds that and to the extent that it purports to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law and/or any applicable order in this case.  NPR further objects to this request on the ground that and to the extent it is duplicative of CPB's other Requests.

NPR further objects to this Request on the ground that and to the extent that it purports to seek discovery of documents that are not in NPR's possession, custody, or control.  NPR further objects to this Request as seeking documents that are more readily available from a third party, or already in the possession, custody, or control of CPB.  NPR further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, common interest privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection from discovery.

Subject to and without waiver of the foregoing General and Specific Objections, NPR responds as follows: NPR conducted a reasonable search for documents and communications responsive to this Request and will produce non-privileged documents in its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 4:** All documents and communications relating to any effort by you, since 2022, to have Broadcast Stations vote on whether NPR should be the designee to receive distributions by CPB for satellite interconnection purposes.

**RESPONSE TO REQUEST NO. 4:**

NPR objects to this Request on the grounds that and to the extent that it purports to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not

authorized under applicable law and/or any applicable order in this case. NPR further objects to this Request on the ground that and to the extent it is duplicative of CPB's other Requests.

NPR further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, common interest privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection from discovery.

Subject to and without waiver of the foregoing General and Specific Objections, NPR responds as follows: NPR conducted a reasonable search for documents and communications responsive to this Request and located no non-privileged documents in its possession, custody, or control from January 1, 2024 that are responsive to this Request.

**REQUEST NO. 5:** All communications and documents, including notes taken or created by you as a result of, concerning or related to the Working Group.

**RESPONSE TO REQUEST NO. 5:**

NPR objects to this Request on the grounds that and to the extent that it is overly broad and unduly burdensome; seeks information that is not relevant to NPR claims against CPB or CPB's defenses in the above-captioned action; seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to those claims and defenses; is disproportionate to CPB's needs in the above-captioned case; and purports to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law and/or any applicable order in this case. NPR further objects to this Request on the ground that and to the extent it is duplicative of CPB's other Requests.

NPR further objects to this Request on the ground that and to the extent that it purports to seek discovery of documents that are not in NPR's possession, custody, or control. NPR further objects to this Request as seeking documents that are more readily available from a third party,

or already in the possession, custody, or control of CPB.  NPR further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, common interest privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection from discovery.

Subject to and without waiver of the foregoing General and Specific Objections, NPR responds as follows: NPR conducted a reasonable search for documents and communications responsive to this Request and will produce non-privileged documents in its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 6:** All documents and communications relating to CPB's RFP, the Radio Content Distribution Grant, and PMI, including but not limited to Board minutes and resolutions, communications with Broadcast Stations or other third parties, and notes of any communications with CPB.

**RESPONSE TO REQUEST NO. 6:**

NPR objects to this Request on the grounds that and to the extent that it is overly broad and unduly burdensome; seeks information that is not relevant to NPR claims against CPB or CPB's defenses in the above-captioned action; seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to those claims and defenses; is disproportionate to CPB's needs in the above-captioned case; and purports to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law and/or any applicable order in this case.  NPR further objects to this Request on the ground that and to the extent it is duplicative of CPB's other Requests.

NPR further objects to this Request on the ground that and to the extent that it purports to seek discovery of documents that are not in NPR's possession, custody, or control.  NPR further

objects to this Request as seeking documents that are more readily available from a third party, or already in the possession, custody, or control of CPB.  NPR further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, common interest privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection from discovery.

Subject to and without waiver of the foregoing General and Specific Objections, NPR responds as follows: NPR conducted a reasonable search for documents and communications responsive to this Request and will produce non-privileged documents in its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 7:** All documents and communications concerning or related to satellite interconnection, PMI, or CPB, including communications to, from, or by, NPR's D/I Committee relating to the satellite interconnection.

**RESPONSE TO REQUEST NO. 7:**

NPR objects to this Request on the grounds that and to the extent that it is overly broad and unduly burdensome including its inclusion of "all documents and communications concerning or related to . . . CPB"; seeks information that is not relevant to NPR claims against CPB or CPB's defenses in the above-captioned action; seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to those claims and defenses; is disproportionate to CPB's needs in the above-captioned case; and purports to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law and/or any applicable order in this case.  NPR further objects to this Request on the ground that and to the extent it is duplicative of CPB's other Requests.

NPR further objects to this Request on the ground that and to the extent that it purports to seek discovery of documents that are not in NPR's possession, custody, or control. NPR further objects to this Request as seeking documents that are more readily available from a third party, or already in the possession, custody, or control of CPB. NPR further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, common interest privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection from discovery.

Subject to and without waiver of the foregoing General and Specific Objections, NPR responds as follows: NPR conducted a reasonable search for documents and communications relating to CPB and satellite interconnection or PMI in response to this Request, and will produce non-privileged documents in its possession, custody, or control that are responsive to this Request.

**REQUEST NO. 8:** All documents and communications concerning or relating to any consultant reports (draft and final), relating to NPR's involvement with satellite interconnection, including but not limited to communications with CPB, Cognizant Business Consulting, Diversified Consulting, Deloitte, or any other consultant retained by either CPB or NPR since 2015.

**RESPONSE TO REQUEST NO. 8:**

NPR objects to this Request on the grounds that and to the extent that it is overly broad and unduly burdensome, including that it seeks "[a]ll documents and communications . . . since 2015"; seeks information that is not relevant to NPR claims against CPB or CPB's defenses in the above-captioned action; seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to those claims and defenses; is disproportionate to CPB's needs

in the above-captioned case; and purports to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law and/or any applicable order in this case. NPR further objects to this Request on the ground that and to the extent it is duplicative of CPB's other Requests.

NPR further objects to this Request on the ground that and to the extent that it purports to seek discovery of documents that are not in NPR's possession, custody, or control. NPR further objects to this Request as seeking documents that are more readily available from a third party, or already in the possession, custody, or control of CPB. NPR further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, common interest privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection from discovery.

Subject to and without waiver of the foregoing General and Specific Objections, NPR responds as follows: NPR conducted a reasonable search for documents and communications responsive to this Request and will produce non-privileged documents in its possession, custody, or control from January 1, 2024 that are responsive to this Request, as well as final consultant reports responsive to this Request since 2015.

**REQUEST NO. 9:** All financial documents of the Public Radio Satellite System and the Public Radio Satellite Interconnection Charitable Trust, including but not limited to balance sheets and income statements, including but not limited to documents detailing NPR's usage, distribution, and retention of money received from CPB, since January 1, 2022.

**RESPONSE TO REQUEST NO. 9:**

NPR objects to this Request on the grounds that and to the extent that it is overly broad and unduly burdensome; seeks information that is not relevant to NPR claims against CPB or

CPB's defenses in the above-captioned action; seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to those claims and defenses; is disproportionate to CPB's needs in the above-captioned case; and purports to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law and/or any applicable order in this case. NPR further objects to this Request on the ground that and to the extent it is duplicative of CPB's other Requests.

NPR further objects to this Request on the ground that and to the extent that it purports to seek discovery of documents of a third-party—the Public Radio Satellite Interconnection Charitable Trust—and documents that are not in NPR's possession, custody, or control. NPR further objects to this Request as seeking documents that are more readily available from a third party, or already in the possession, custody, or control of CPB. NPR further objects to this Request to the extent it seeks documents protected by the attorney-client privilege, common interest privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection from discovery.

Subject to and without waiver of the foregoing General and Specific Objections, NPR responds as follows: NPR will produce non-privileged documents in its possession, custody, or control sufficient to show the finances of the Public Radio Satellite System since January 1, 2022.

**REQUEST NO. 10:** All documents you intend to rely on at the evidentiary hearing currently scheduled for October 28, 2025.

**RESPONSE TO REQUEST NO. 10:**

NPR objects to this Request on the grounds that and to the extent that it purports to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not

authorized under applicable law and/or any applicable order in this case.  NPR further objects to this Request on the ground that and to the extent it is duplicative of CPB's other Requests. Discovery is ongoing and NPR reserves the right to rely on additional facts, information, and evidence that becomes available, including through documents and information produced by CPB.

Subject to and without waiver of the foregoing General and Specific Objections, NPR responds as follows: NPR conducted a reasonable search for documents responsive to this Request and will produce non-privileged documents in its possession, custody, or control that are responsive to this Request.

### SPECIFIC RESPONSES AND OBJECTIONS TO INTERROGATORIES

**INTERROGATORY NO. 1:** Identify and explain in detail all material facts which support your allegation that "[t]hose public radio stations across the country 'participating in the public radio satellite interconnection system' – the Public Radio Satellite System (PRSS) – have designated NPR as the 'national entity' entrusted with managing and operating that system" as alleged in your Complaint at Paragraph 34, including the action(s) taken by each specific Broadcast Station to do so.

### RESPONSE TO INTERROGATORY NO. 1:

NPR objects to this Interrogatory on the grounds that and to the extent that it is vague, ambiguous, overly broad and unduly burdensome including that it requests that NPR "[i]dentify and explain in detail all material facts . . . , including the action(s) taken by each specific Broadcast Station to do so"; and purports to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law and/or any applicable

order in this case.  NPR further objects to this Interrogatory on the ground that and to the extent it is duplicative of CPB's other Requests.

NPR further objects to this Interrogatory on the ground that and to the extent that it purports to seek third-party information and information not in NPR's possession, custody, or control. NPR further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege, common interest privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection from discovery.

Subject to and without waiver of the foregoing General and Specific Objections, NPR responds as follows:

The Public Radio Satellite System ("PRSS") was built in the 1970s from funds provided by Congress through CPB.  NPR has entered into an interconnection agreement with each station participating in the PRSS (collectively, the "Interconnected Stations").  There are currently 375 Interconnected Stations.

The original mandate to form a national system to interconnect public radio stations flowed from the 1967 Public Broadcasting Act to CPB.  With federally appropriated funds, CPB designed and built the first satellite systems for public TV (in or around 1976-77) and public radio (in or around 1979-80).  CPB purchased the ground hardware and granted the asset rights to each interconnected station.  CPB also negotiated the lease for public radio's first satellite transponder on Westar I.  At that point in time, CPB delegated management of the PRSS to NPR by contract.  Title to the central system operating hardware was originally held by NPR.

In 1981, NPR's Board of Directors adopted a document called "The Philosophy and Policy for the Utilization of the Public Radio Satellite System."  It created operational policies for NPR as the system manager, defined the role of the Technology/Distribution or T/D

18

(today the Distribution/Interconnection or D/I) Committee, and spelled out procedures for station participation in the system governance process.  That same year, the Interconnected Stations voted to assume "full financial responsibility" for the distribution system.

In 1983, NPR faced a financial crisis and ownership of the central system equipment was renegotiated as part of a loan agreement between CPB and NPR.  Because CPB was prohibited by statute from owning or operating a distribution system, it created a charitable trust to hold title to the system equipment.  NPR continued to manage the PRSS through a lease arrangement with the trust.  When the loan was repaid in 1985, the trust expired.  The Interconnected Stations, however, decided to create a successor trust with new trustees to retain title to the system equipment.  Concurrently with voting in favor of creating a new successor trust in 1985, the Interconnected Stations voted for the management and governance responsibility for the PRSS to remain under the NPR Board of Directors.

When CPB purchased the satellite transponder for public radio in 1987, it created another charitable trust to hold title to this asset and any funds the system might accumulate for the purpose of satellite replacement.  The two trusts were merged into the contemporary Public Radio Satellite Interconnection System Charitable Trust (the "Trust") in 1991.  NPR has continued as designated manager and operator of the system through individual contractual agreements with each of the Interconnected Stations, which renew annually.

CPB has repeatedly recognized and acknowledged—including expressly in grant agreements it has entered into with NPR for the purpose of distributing funds appropriated by Congress for interconnection purposes—that the Interconnected Stations have designated NPR as their national entity for interconnected purposes.

Discovery is ongoing.  NPR reserves the right to amend, modify, clarify and/or supplement this response as additional facts, information, and evidence become available, including through documents and information produced by CPB.

**INTERROGATORY NO. 2:** Describe the process by which you enter Public Radio Satellite Interconnection Agreements with Broadcast Stations.

**RESPONSE TO INTERROGATORY NO. 2:**

NPR objects to this Interrogatory on the grounds that and to the extent that it is vague, ambiguous, overly broad and unduly burdensome including that it requests that NPR "[d]escribe the process" by which it has entered into Public Radio Satellite Interconnection Agreements with more than 350 stations; seeks information that is not relevant to NPR claims against CPB or CPB's defenses in the above-captioned action; seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to those claims and defenses; is disproportionate to CPB's needs in the above-captioned case; and purports to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law and/or any applicable order in this case.  NPR further objects to this Interrogatory on the ground that and to the extent it is duplicative of CPB's other Requests.

NPR further objects to this Interrogatory on the ground that and to the extent that it purports to seek third-party information and information not in NPR's possession, custody, or control.  NPR further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege, common interest privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection from discovery.

Subject to and without waiver of the foregoing General and Specific Objections, NPR responds as follows:

NPR incorporates its response to the preceding Interrogatory.  NPR further states:

The stations participating in the PRSS (the "Interconnected Stations") share full financial responsibility for the system.  Each public radio station or other public telecommunications entity that owns or controls a distinct point of interconnection to the standard service channels of the PRSS is considered an Interconnected Station and is therefore subject to the obligations and responsibilities of participating in the system, which include annual payment of a Distribution/Interconnection fee.  There are currently 375 Interconnected Stations.

NPR, as designated manager and operator of the system, has entered into an interconnection agreement with each Interconnected Station.  With few exceptions, those agreements automatically renew annually; for agreements that do not automatically renew annually, NPR and the Interconnected Station sign a renewal agreement each year.

Because NPR has served as the manager and operator of the PRSS for decades, many of its agreements with Interconnected Stations have been in place for many years.  When a new Interconnected Station joins the system, that station will sign a new interconnection agreement with NPR.  By way of example, on or about February 12, 2025, NPR entered into a Public Radio Satellite Interconnection Agreement with the public telecommunications entity currently using the call letters KBCK-FM in Columbia Falls, Montana.  That agreement, which provides that it "will be automatically renewed for one-year periods," sets forth, *inter alia*, the "rights and privileges" and the "financial responsibility" of stations participating in the PRSS, and expressly recognizes NPR as "the entity designated by public telecommunications entities participating in the national public radio interconnection system to manage and operate the system."

Discovery is ongoing.  NPR reserves the right to amend, modify, clarify and/or supplement this response as additional facts, information, and evidence become available, including through documents and information produced by CPB.

**INTERROGATORY NO. 3:** Identify all actions you contend CPB took which support your claim of tortious interference.

**RESPONSE TO INTERROGATORY NO. 3:**

NPR objects to this Interrogatory on the grounds that and to the extent that purports to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law and/or any applicable order in this case.  NPR further objects to this Interrogatory on the ground that and to the extent it is duplicative of CPB's other Requests.

NPR further objects to this Interrogatory on the ground that and to the extent that it purports to seek third-party information and information not in NPR's possession, custody, or control.  NPR further objects to this Interrogatory as seeking information already in the possession, custody, or control of CPB.  NPR further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege, common interest privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection from discovery.

Subject to and without waiver of the foregoing General and Specific Objections, NPR responds as follows:

NPR incorporates its responses to the preceding Interrogatories.  NPR further states: CPB is aware of NPR's business relationships, including its contractual arrangements, with the stations participating in the PRSS (the "Interconnected Stations").  CPB nevertheless undertook efforts to discontinue satellite interconnection funding to NPR for the PRSS and, in violation of the Public Broadcasting Act, announced its plan to imminently transfer tens of millions of dollars

of said funds to Public Media Infrastructure ("PMI")—efforts that undermine NPR's business relationship with the Interconnected Stations.  NPR directs CPB to the allegations set forth in its Amended Complaint and notes that discovery is ongoing.  NPR reserves the right to amend, modify, clarify and/or supplement this response as additional facts, information, and evidence become available, including through documents and information produced by CPB.

**INTERROGATORY NO. 4:** Identify the contractual bases, statutory bases, and constitutional bases for NPR's claim that it is entitled to receive the funds that it claims it is being denied.

**RESPONSE TO INTERROGATORY NO. 4:**

NPR objects to this Interrogatory on the grounds that and to the extent that it is overly broad and unduly burdensome including because it calls on NPR to restate the allegations set forth in its Amended Complaint; and purports to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law and/or any applicable order in this case.  NPR further objects to this Interrogatory on the ground that and to the extent it is duplicative of CPB's other Requests.

NPR further objects to this Interrogatory as seeking information already in the possession, custody, or control of CPB.  NPR further objects to this Interrogatory to the extent it seeks documents protected by the attorney-client privilege, common interest privilege, the work-product doctrine, or any other applicable privilege, immunity, or protection from discovery.

Subject to and without waiver of the foregoing General and Specific Objections, NPR responds as follows:

NPR incorporates its responses to the preceding Interrogatories.  NPR further directs CPB to the relevant allegations and causes of action set forth in its Amended Complaint and

notes that discovery is ongoing.  NPR reserves the right to amend, modify, clarify and/or supplement this response as additional facts, information, and evidence become available, including through documents and information produced by CPB.

**INTERROGATORY NO. 5:** Identify the dates, amounts and purposes of all money that you have received from CPB since January 1, 2025.

**RESPONSE TO INTERROGATORY NO. 5:**

NPR objects to this Interrogatory on the grounds that and to the extent that it seeks information that is not relevant to NPR claims against CPB or CPB's defenses in the above-captioned action; seeks information that is not reasonably calculated to lead to the discovery of evidence relevant to those claims and defenses; is disproportionate to CPB's needs in the above-captioned case; and purports to impose burdens or obligations on NPR that are broader than, inconsistent with, and/or not authorized under applicable law and/or any applicable order in this case.  NPR further objects to this Interrogatory on the ground that and to the extent that it is seeking information already in the possession, custody, or control of CPB.

Subject to and without waiver of the foregoing General and Specific Objections, NPR responds as follows:  *See* Attachment A hereto.

October 16, 2025

Respectfully submitted,

*/s/ Miguel A. Estrada*

Miguel A. Estrada (D.D.C. Bar No. 456289)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
(202) 955-8500
MEstrada@gibsondunn.com

Theodore J. Boutrous, Jr. (D.D.C. Bar No. 420440)
Katie Townsend (D.D.C. Bar No. 1026115)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
T Boutrous@gibsondunn.com
KTownsend@gibsondunn.com

Elizabeth A. Allen (*Admitted Pro Hac Vice*)
NATIONAL PUBLIC RADIO, INC.
1111 North Capitol Street, NE
Washington, D.C. 20002
(202) 513-2000
EAAllen@npr.org

*Counsel for Plaintiff*
*National Public Radio, Inc.*

**CERTIFICATE OF SERVICE**

I am a citizen of the United States and employed in Washington, DC. I am over the age of eighteen years and not a party to the above-captioned action. My business address is Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071. On October 16, 2025, I served a copy of the foregoing First Set of Interrogatories to Defendant Corporation for Public Broadcasting by transmitting it via e-mail or electronic transmission to the person(s) at the e-mail address(es) set forth below.

SAUL EWING LLP
Jason W. McElroy (jason.mcelroy@saul.com)
Peter Christopher Nanov (peter.nanov@saul.com )
1919 Pennsylvania Avenue NW, Suite 550
Washington, D.C. 20006
Telephone: (202) 333-8800
Facsimile: (202) 337-6065

Joseph D. Lipchitz (joseph.lipchitz@saul.com)
131 Dartmouth St., Suite 501
Boston, MA 02116
Telephone: (617) 723-3300
Facsimile: (617) 723-4151

*Attorneys for Defendant*
Corporation for Public Broadcasting

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on October 16, 2025 in Los Angeles, California.

*/s/ Katie Townsend*
Katie Townsend

CONFIDENTIAL

Attachment A

| CPB ID No. | Grant Title/ID | Date NPR received amt. | CPB Pmt. No. | EPN Date | EPN Transmittal Post Date | CPB Electronic Payment Notification ("EPN") | | | | Nature of payment |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Payment ID | Voucher Number | Payment Amt. 1 | Payment Amt. 2 | |
| 35393-ISS | "Public Radio Satellite System Interconnection Funding FY23-FY24" | 1/10/25 | 124467 | 1/9/25 | 1/9/25 | REMT040034 | +35393+ | $1,595,240.89 | | Reimbursement for expenses reported during the quarter ended September 30, 2024 |
| 35437-RAD | "NPR Election 2024" | 1/22/25 | 124694 | 2/6/25 | 2/6/25 | REMT045213 | +35437+ | $205,000.00 | | Progress payment per the agreement disbursement schedule |
| 35526-RAD | "NPR International Coverage 2024" | 1/12/25 | 124808 | 1/16/25 | 1/16/25 | REMT045065 | +35526+ | $500,000.00 | | Final payment per the agreement disbursement schedule |
| 35437-RAD | "NPR Election 2024" | 2/7/25 | 124892 | 1/16/25 | 1/16/25 | REMT045069 | +35437+ | $300,000.00 | | Progress payment per the agreement disbursement schedule |
| 35393-ISS | Amendment No. 1 to "Public Radio Satellite System Interconnection Funding FY23-FY24" | 2/21/25 | 124886 | 2/20/25 | 2/20/25 | REMT045313 | +35393+-AMD | $1,656,812.15 | | Reimbursement for expenses reported during the quarter ended December 31, 2024 |
| 35479-RAD | "NPR Editor for Collaborative State Government News Coverage" | 3/18/25 | 129410 | 3/17/25 | 3/17/25 | REMT045706 | +35479+ | $100,000.00 | | Progress payment per the agreement disbursement schedule |
| 35540-RAD | "NPR Ukraine War Crisis Coverage 2024" | 3/21/25 | 129507 | 3/20/25 | 3/20/25 | REMT045790 | +35540+ | $225,000.00 | | Progress payment per the agreement disbursement schedule |
| 35393-ISS | Amendment No. 1 to "Public Radio Satellite System Interconnection Funding FY23-FY24" | 4/25/25 | 129907 | 4/24/2025 for both amts. | 4/24/2025 for both amts. | REMT046098 | +35393+ (Pmt. Amt. 1); +35393+-AMD (Pmt. Amt. 2) | $519,510.89 | $475,502.41 | Reimbursement for expenses reported during the quarter ended March 31, 2025 |
| 35437-RAD | "NPR Election 2024" | 5/2/25 | 129980 | 5/1/25 | 5/1/25 | REMT046153 | +35437+ | $600,000.00 | | Final payment per the agreement disbursement schedule |
| N/A | N/A | 6/13/25 | 130202 | 6/12/25 | 6/12/25 | REMT046324 | FORWARD | $200.00 | | Convey donation received by CPB designated for NPR |
| 35479-RAD | "NPR Editor for Collaborative State Government News Coverage" | 7/22/25 | 130349 | 7/21/25 | 7/21/25 | REMT046428 | +35479+ | $100,000.00 | | Progress payment per the agreement disbursement schedule |
| 35393-ISS | Amendment No. 1 to "Public Radio Satellite System Interconnection Funding FY23-FY24" | 7/25/25 | 130382 | 7/24/25 | 7/24/25 | REMT046461 | +35393+-AMD | $905,100.16 | | Reimbursement for expenses reported during the quarter ended June 30, 2025 |
| 35664-RAD | "NPR Editorial Enhancements" | 8/8/25 | 130451 | 8/7/25 | 8/7/25 | REMT046520 | +35664+ | $300,000.00 | | Progress payment per the agreement disbursement schedule |
| N/A | N/A | 8/29/25 | 130528 | 8/28/25 | 8/28/25 | REMT046582 | DONATION STEPHEN | $300.00 | | Convey donation received by CPB designated for NPR |
| 35540-RAD | "NPR Ukraine War Crisis Coverage 2024" | 8/29/25 | 130540 | 8/29/25 | 8/29/25 | REMT046594 | +35540+ | $190,417.19 | | Final payment per the agreement disbursement schedule |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., *et al.*<br><br>*Plaintiffs*,<br><br>*v.*<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | Case No. 25-cv-1674-RDM |

**Verification**

I, Daphne Kwon, am the Chief Financial Officer of National Public Radio, Inc. (NPR). I am authorized to make this verification on behalf of NPR. I solemnly swear and affirm that I have read the foregoing Responses and Objections to Defendant Corporation for Public Broadcasting's first set of interrogatories to Plaintiff NPR and am familiar with their contents. The interrogatory responses on behalf of NPR are true and correct to the best of my knowledge and belief, based on information currently available to me.

Daphne Kwon

SWORN TO AND SUBSCRIBED before me, a notary public for the state and county
aforesaid, this ___20th___ day of October 2025.

*Deirdre M. Ferrick* 
_____

Notary Public Signature

My commission expires:    May 16, 2027

DEIRDRE M. FERRICK
NOTARY
PUBLIC
Comm. Exp.
May 16, 2027
Anne Arundel County
STATE OF MARYLAND

Online Notary Public. This notarial
act involved the use of online
audio/video communication
technology. Notarization facilitated
by SIGNiX®

2