**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., *et al.* | |
| *Plaintiffs*, | |
| *v.* | Case No. 25-cv-1674-RDM |
| DONALD J. TRUMP, *et al.*, | |
| *Defendants*. | |

**JOINT STATUS REPORT**

Pursuant to the Court's direction at the October 28, 2025, hearing in the above-captioned matter, Plaintiff National Public Radio, Inc. (NPR) and Defendant Corporation for Public Broadcasting (CPB) (collectively the "Parties") hereby submit this Joint Status Report setting forth their respective positions regarding further proceedings:

**Defendant CPB's Position:**

1.      CPB and NPR have filed motions for summary judgment directed to NPR's claims that will further determine the necessity for, and scope of, any trial.[1] As a result, CPB believes that the Court should rule on those motions first before determining whether any trial is necessary.  Moreover, as discussed below, NPR's claims raise the specter that this Court lacks jurisdiction over this matter. *See* Note 5, *infra*.

---

[1] For example, no evidence was presented at the hearing on the tortious interference claim or on the APA claims. It is CPB's position that the record as it stands is devoid of support for those claims (particularly damages for the tortious interference claim) and they should be removed from the case.

2.      As previously raised with the Court, CPB has represented that it will not disburse the approximately $36 million in interconnection funds at issue[2] before November 7, 2025 and will give seven days' notice of any intent to execute an agreement with PMI as to those funds to provide NPR with the ability to seek any further relief with the Court.  That remains the case. However, as CPB winds down and ceases operations, CPB has various statutory and other obligations that it must meet including as to other Congressionally appropriated funds in its possession.  As a result, CPB raises the following issues to allow it to meet its obligations in a timely fashion and provide clarity for the parties.

3.      Under NPR's theory, it is seeking an order that "that CPB disburse no less than $35,962,000 in interconnection funds to NPR __*or*__ the Interconnected Stations in accordance with the Act and in accordance with the resolution adopted by the CPB Board on April 2, 2025." Dkt. 57-3 at 2 (emphasis added).  CPB stands by its position that the Court does not have the authority to order it to make any payment to NPR or preclude it from making any payments to any other entity,[3] particularly where the Court has not yet adjudicated the Constitutionality of the May 1st Executive Order on which the Government has not yet briefed its position.  However, consistent with NPR's position and theory, any order should not preclude CPB from disbursing the

---

[2] NPR has not claimed any specific amount in excess of $36 million that it should have had but for the First Amendment issue.

[3] If the Court is treating CPB as a governmental agency or instrumentality under *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 115 S. Ct. 961 (1995), then CPB's allocation of funds is not reviewable by this Court. *See Oceana, Inc. v. Ross*, 275 F. Supp. 3d 270, 282 (D.D.C. 2017), *aff'd*, 920 F.3d 855 (D.C. Cir. 2019) (citing *Lincoln v. Vigil*, 508 U.S. 182, 192–94, 113 S.Ct. 2024 (1993).  "'The allocation of funds from a lump-sum appropriation is [an] administrative decision traditionally regarded as committed to agency discretion' by law and therefore not subject to judicial review." *Id.* (quoting *Lincoln*, 508 U.S. at 192-93).  The interconnection appropriations at issue were appropriated as a lump sum for broad use "for the costs associated with replacing and upgrading the public broadcasting interconnection system and other technologies and services that create infrastructure and efficiencies within the public media system." Pub. L. 118-47, March 23, 2024, 138 Stat 460, 696; Pub. L. No. 119-4, Div. A, tit. I, § 1101(a)(8).  NPR has not alleged that CPB has, will, or would, distribute the interconnection funds at issue for anything other than interconnection purposes. CPB's decision, therefore, is not subject to judicial review. *See Lincoln*, 508 U.S. at 192-93; *Oceana, ,* 275 F. Supp. 3d at 282.

$35,962,000 in interconnection funds directly to the Interconnected Stations as part of its wind-down since that disbursement is consistent with NPR's own argument.

4.      NPR's theory, which is that, as of March 27, 2025, it had made a proposal for $27 million that the CPB Board then "approved" the funding for up to $36 million.  CPB maintains its position that the undisputed evidence, including the actual language of the April 2nd Board Resolution establishes that CPB only authorized negotiations around that proposal.  However, even under NPR's theory, the outer boundaries of any Order is one that prohibits the disbursement of $36 million of interconnection funds during the pending of this case to anyone other than to NPR or the Interconnected Stations. CPB submits that even under NPR's theory, the Court lacks the authority or basis to freeze or direct the disbursement of appropriated funding outside of the amount of $36 million.[4]

5.      In order to afford the Court with additional time to address the pending motions, CPB is willing to voluntarily not disburse the $36 million in interconnection funds during the pendency of this case if the Court does not preclude CPB's ability to issue grants or make disbursements of other or additional appropriated funds as part of its wind down.

6.      At the evidentiary hearing, the Court suggested that if it finds retaliation then it could formulate relief that put the parties back in the same position as they existed before the retaliation.  The parties' position as of April 2, 2025 was that a $27 million proposal had been submitted and negotiations had been authorized.  It is undisputed that there was no contract and NPR has brought no contract claim.  NPR's current position appears to be that it is entitled to the

---

[4] This would include any disbursement to a third party in the form of an escrow agreement.

$36 million as if a contract had been formed.  Such a position strips this Court of jurisdiction and places jurisdiction solely in the Court of Federal Claims.[5]

**Plaintiff NPR's Position:**

For the reasons detailed in NPR's Motion for Preliminary Injunction and for Summary Judgment as to Defendant Corporation for Public Broadcasting, Dkt. No. 57, and supporting documents, and for the reasons stated at the October 28, 2025 evidentiary hearing on said motion and on CPB's Motion for Summary Judgment, Dkt. No. 58, it is NPR's position that it is entitled to entry of summary judgment in its favor.[6]

In the event the Court denies the Parties' cross-motions for summary judgment, NPR respectfully urges the Court to:

- Enter a preliminary injunction maintaining the status quo pending a full resolution of this case, including by enjoining CPB from disbursing or obligating itself to disburse interconnection funds to any entity or entities other than NPR, and requiring CPB to place all remaining funds appropriated to it by Congress for interconnection purposes into escrow or, at minimum, to place the $57.8 million in interconnection funds CPB has indicated it intends to disburse to an entity other

---

[5] If CPB is a governmental agency or instrumentality under *Lebron*, then this Court lacks jurisdiction because the Court of Federal Claims is the only Court with jurisdiction to NPR's claim, which can only be understood as an attempt to enforce an implied contractual obligation to pay money.  *See Dep't of Ed. v. California,* 604 U.S. ___, No. 24A910, Slip Op. (U.S. April 4, 2025) (holding that "the [Administrative Procedure Act's] limited waiver of immunity does not extend to orders 'to enforce a contractual obligation to pay money' along the lines of what the District Court ordered here. *Great-West Life & Annuity Ins. Co. v. Knudson,* 534 U. S. 204, 212 (2002). Instead, the Tucker Act grants the Court of Federal Claims jurisdiction over suits based on "any express or implied contract with the United States.")

[6] CPB's new argument that the Tucker Act precludes this Court's jurisdiction—raised for the first time in this status report—is incorrect.  CPB is plainly not "the United States" for purposes of that statute, even if it is a government actor for First Amendment purposes.  In any event, the "source of the right[s]" NPR seeks to enforce is not any contract, but the First Amendment, the Public Broadcasting Act, and D.C. common law. *Crowley Gov't Servs. v. Gen. Servs. Admin,* 38 F.4th 1099, 1106–07 (D.C. Cir. 2022).

than to NPR in violation of the First Amendment and that is statutorily ineligible to receive such funds into escrow for the duration of this case, including any appeals.

In the event the Court would prefer to proceed to an expedited bench trial prior to or in lieu of ruling on the Parties' pending motions, and assuming that CPB agrees to maintain the status quo, as outlined above, through the duration of that bench trial and post-trial rulings by the Court, NPR respectfully urges the Court to:

- Set this matter for an expedited bench trial the week of December 1, 2025 or, alternatively, the week of November 17, 2025. NPR estimates that a bench trial would take 2-3 days.

- Require the Parties to meet and confer and submit, within one business day of the entry of an order setting this matter for an expedited bench trial, a joint proposed scheduling order addressing deadlines for the completion of any additional discovery, including depositions; pre-trial motions; and the exchange of witness and exhibit lists.

October 29, 2025                              Respectfully submitted,

                                             /s/ Miguel A. Estrada

Miguel A. Estrada (D.D.C. Bar No. 456289)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
(202) 955-8500
MEstrada@gibsondunn.com

Theodore J. Boutrous, Jr. (D.D.C. Bar No. 420440)
Katie Townsend (D.D.C. Bar No. 1026115)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
T Boutrous@gibsondunn.com
KTownsend@gibsondunn.com

Elizabeth A. Allen (*Admitted Pro Hac Vice*)
NATIONAL PUBLIC RADIO, INC.
1111 North Capitol Street, NE
Washington, D.C. 20002
(202) 513-2000
EAAllen@npr.org

*Counsel for Plaintiff*
*National Public Radio, Inc.*

October 29, 2025

/s/ Peter C. Nanov

Jason W. McElroy (D.C. Bar No. 502733)
Peter C. Nanov (D.C. Bar No. 230021)
SAUL EWING LLP
1919 Pennsylvania Avenue NW, Suite 550
Washington, D.C. 20006
Tel: (202) 295-6605
Email: jason.mcelroy@saul.com
peter.nanov@saul.com

Jeffrey S. Robbins (Pro Hac Vice)
Joseph D. Lipchitz (Pro Hac Vice)
SAUL EWING LLP
131 Dartmouth St.
Suite 501
Boston, MA 02116

Tel: (617) 912-0941
Email: jeffrey.robbins@saul.com
joseph.lipchitz@saul.com

*Counsel for Defendant*
*The Corporation for*
*Public Broadcasting*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2025, I electronically filed the foregoing Motion and all supporting documents with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system, which will serve a copy of the same on the counsel of record.

Respectfully submitted,

*/s/ Miguel A. Estrada*