IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL PUBLIC RADIO, INC., *et al.* <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> *Defendants*. | Case No. 25-cv-1674-RDM |

### JOINT STIPULATION OF DISMISSAL OF CERTAIN CLAIMS

Pursuant to Rule 41 of the Federal Rules of Civil Procedure Plaintiff National Public Radio, Inc. (NPR) and Defendant Corporation for Public Broadcasting (CPB) jointly submit this stipulation of dismissal of certain claims brought by NPR against CPB in the above-captioned action (the Action).

WHEREAS, Plaintiffs commenced this Action against Defendants, including CPB, on May 27, 2025, to obtain declaratory and injunctive relief from Executive Order 14290, entitled "Ending Taxpayer Subsidization of Biased Media" (the Executive Order), 90 Fed. Reg. 19415, issued by President Donald J. Trump on May 1, 2025;

WHEREAS, the Executive Order purports to mandate that CPB, *inter alia*, cease direct and indirect funding to NPR, though CPB disputes that it is bound by the Executive Order;

WHEREAS, CPB answered the Complaint on July 31, 2025;

WHEREAS, on October 6, 2025, NPR filed an Amended Complaint in the Action to allege the following additional causes of action against CPB arising out of its alleged withholding of funds to NPR that were appropriated by Congress for interconnection purposes and to seek, *inter*

1

*alia*, an order preliminarily and permanently enjoining CPB from distributing money congressionally appropriated for interconnection purposes to any entity or entities—including but not limited to Public Media Infrastructure (PMI)—other than NPR: Count 6 (Lack of Statutory Authority), Count 7 (Violation of the First Amendment—Retaliation and Viewpoint Discrimination), and Count 8 (Intentional Interference with Business Relations);

WHEREAS, CPB answered the Amended Complaint on October 8, 2025;

WHEREAS, on October 24, 2025, NPR filed a Motion for Preliminary Injunction and for Summary Judgment as to Defendant Corporation for Public Broadcasting and CPB filed a Motion for Summary Judgment;

WHEREAS, the Court held an evidentiary hearing on October 28, 2025 on NPR's Motion for Preliminary Injunction and the cross-Motions for Summary Judgment filed by NPR and CPB, and, following a status conference on October 30, 2025, at which the Court stated its view that "at least as a preliminary matter" NPR had "made a very substantial showing" in support of its claim that "CPB was motivated by a desire to show some compliance with" the Federal Defendants' "efforts to penalize NPR for its speech and for the content of its speech," but further stated, as to NPR's claim that CPB was in violation of provisions of the Public Broadcasting Act of 1967, that said argument "present[ed] difficulties for both sides" and that the Court had "doubts about" it, and scheduled a bench trial to commence on December 1, 2025;

WHEREAS, NPR and CPB agree that the Executive Order is precisely the type of governmental interference designed to impact media programming or program judgments that Congress by its plain terms sought to prevent in creating CPB as it did;

WHEREAS, NPR and CPB agree that the Executive Order is unconstitutional;

*alia*, an order preliminarily and permanently enjoining CPB from distributing money congressionally appropriated for interconnection purposes to any entity or entities—including but not limited to Public Media Infrastructure (PMI)—other than NPR: Count 6 (Lack of Statutory Authority), Count 7 (Violation of the First Amendment—Retaliation and Viewpoint Discrimination), and Count 8 (Intentional Interference with Business Relations);

WHEREAS, CPB answered the Amended Complaint on October 8, 2025;

WHEREAS, on October 24, 2025, NPR filed a Motion for Preliminary Injunction and for Summary Judgment as to Defendant Corporation for Public Broadcasting and CPB filed a Motion for Summary Judgment;

WHEREAS, the Court held an evidentiary hearing on October 28, 2025 on NPR's Motion for Preliminary Injunction and the cross-Motions for Summary Judgment filed by NPR and CPB, and, following a status conference on October 30, 2025, at which the Court stated its view that "at least as a preliminary matter" NPR had "made a very substantial showing" in support of its claim that "CPB was motivated by a desire to show some compliance with" the Federal Defendants' "efforts to penalize NPR for its speech and for the content of its speech," but further stated, as to NPR's claim that CPB was in violation of provisions of the Public Broadcasting Act of 1967, that said argument "present[ed] difficulties for both sides" and that the Court had "doubts about" it, and scheduled a bench trial to commence on December 1, 2025;

WHEREAS, NPR and CPB agree that the Executive Order is precisely the type of governmental interference designed to impact media programming or program judgments that Congress by its plain terms sought to prevent in creating CPB as it did;

WHEREAS, NPR and CPB agree that the Executive Order is unconstitutional;

WHEREAS, CPB agrees it will not implement or enforce the Executive Order unless and until it is ordered or required to do so by a court of competent jurisdiction;

WHEREAS, pursuant to the terms of a settlement agreed to by CPB and NPR, CPB and NPR have entered into a separate five-year amendment to a prior grant agreement pursuant to which CPB will disburse $35,962,000 in federal funds appropriated for interconnection purposes to NPR to support NPR's operation and management of the Public Radio Satellite System (PRSS);

WHEREAS, NPR understands and acknowledges that as of November 3, 2025, CPB has entered into a separate five-year grant agreement with Public Media Infrastructure (PMI) for public radio distribution.  For clarity, and consistent with this stipulation of dismissal, NPR hereby dismisses its request for an order enjoining CPB from disbursing federal funds previously appropriated by Congress for interconnection purposes to PMI pursuant to that separate grant agreement;

For the foregoing reasons it is HEREBY STIPULATED AND AGREED by Plaintiff NPR and Defendant CPB, by and through their respective counsel of record, that:

Counts 6, 7, and 8, of the Amended Complaint in this Action arising out of NPR's allegations that CPB unlawfully withheld from NPR federal funds appropriated by Congress for interconnection purposes are dismissed without prejudice.  CPB will remain a defendant in the Action for purposes of Plaintiffs' claims for declaratory and injunctive relief barring implementation or enforcement of the Executive Order.

IT IS SO STIPULATED.

November 17, 2025                                   Respectfully submitted,

                                                    /s/ Miguel A. Estrada

Miguel A. Estrada (D.D.C. Bar No. 456289)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
(202) 955-8500
MEstrada@gibsondunn.com

Theodore J. Boutrous, Jr. (D.D.C. Bar No. 420440)
Katie Townsend (D.D.C. Bar No. 1026115)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000
T Boutrous@gibsondunn.com
KTownsend@gibsondunn.com

Elizabeth A. Allen (*Admitted Pro Hac Vice*)
NATIONAL PUBLIC RADIO, INC.
1111 North Capitol Street, NE
Washington, D.C. 20002
(202) 513-2000
EAAllen@npr.org

*Counsel for Plaintiff*
*National Public Radio, Inc*.

November 17, 2025

*/s/ Joseph D. Lipchitz*

Jason W. McElroy (D.C. Bar No. 502733)
Peter C. Nanov (D.C. Bar No. 230021)
SAUL EWING LLP
1919 Pennsylvania Avenue NW, Suite 550
Washington, D.C. 20006
Tel: (202) 295-6605
Email: jason.mcelroy@saul.com
peter.nanov@saul.com

Jeffrey S. Robbins (Pro Hac Vice)
Joseph D. Lipchitz (Pro Hac Vice)
SAUL EWING LLP
131 Dartmouth St.
Suite 501
Boston, MA 02116

Tel: (617) 912-0941
Email: jeffrey.robbins@saul.com
joseph.lipchitz@saul.com

*Counsel for Defendant*
*The Corporation for*
*Public Broadcasting*

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 17, 2025, I electronically filed the foregoing Joint Stipulation of Dismissal of Certain Claims with the Clerk of the Court for the United States District Court for the District of Columbia by using the CM/ECF system, which will serve a copy of the same on the counsel of record.

                                    Respectfully submitted,

                                    */s/ Miguel A. Estrada*